NOTE.—Reported in 118 N. E. 556, 121 N. E. 47.

## RUSK v. KOKOMO STEEL AND WIRE COMPANY.

[No. 10,308. Filed December 10, 1918.]

1. APPEAL.—*Notice of Appeal.—Sufficiency.—Statute.*—Section 681 Burns 1914, §640 R. S. 1881, providing that notice of appeal shall show an appeal from the judgment or some specific part thereof, does not require an appellant to describe particularly the provisions of the judgment from which he appeals unless he questions only a part thereof, so that a notice that a party "has appealed this cause," is in substantial compliance with the statute, and the appeal will be treated as challenging the whole judgment. p. 628.

2. APPEAL.—*Vacation.—Perfecting.—Transcript.—Time for Filing.* —Where judgment was rendered on June 23, 1917, and the motion for new trial was overruled December 15, 1917, appellant had 180 days from the date of the ruling on the motion within which to

perfect an appeal, even though he subsequently decided to waive any error in such ruling.   p. 629.

3.   APPEAL.—*Briefs.—Sufficiency.—Abstract Propositions of Law.*—Where appellant's brief, in its points and authorities, set forth numerous propositions of law which were not applied to any particular ruling of the trial court, and also failed to set out any statement of errors relied on for reversal, and its supplemental statement, filed after such defects in the original brief had been pointed out by appellee in his objections to the record and briefs, merely showed that appellant relied on an assignment of error containing eight specifications, but made no attempt to restate the propositions of law or to apply them to the particular rulings in issue, the amended brief was insufficient to present any question for review, notwithstanding the act of 1917, Acts 1917 p. 523, requiring a liberal construction of briefs.   pp. 630, 631.

4.   APPEAL.—*Briefs.—Requisites and Sufficiency.—Statute.*—Section 3 of the act of 1917, Acts 1917 p. 523, §691a Burns' Supp. 1918, requiring a liberal construction of briefs, can aid appellant only where a good-faith attempt is made to meet the statutory obligations, but in the absence of any effort by appellant to comply with the statute after the defects in his briefs have been pointed out by appellee, the statute cannot aid him.   p. 631.

From Clinton Circuit Court; *Joseph Combs,* Judge.

Action by the Kokomo Steel and Wire Company against Burton D. Rusk and another.   From the judgment rendered, the defendant named appeals. *Appeal dismissed.*

*Williams & Murphy* and *Sheridan & Gruber,* for appellant.

*Thomas M. Ryan* and *Russell P. Harker,* for appellees.

HOTTEL, J.—This is a vacation appeal from a judgment for appellees in an action brought by appellee Kokomo Steel and Wire Company against its coappellee Clark and appellant, Rusk.   Appellant's briefs were filed on July 29, 1918, and on August 14, 1918, within fifteen days after the expira-

tion of the time allowed for filing such briefs, appellee Clark submitted certain "Objections to Record and Briefs," under §3 of the act of 1917 concerning civil procedure (Acts 1917 p. 523, §691a *et seq.* Burns' Supp. 1918), and also filed a motion to dismiss the appeal on the ground that the notice thereof, as served below, does not indicate from what part of the judgment of the trial court this appeal is prosecuted. Section 681 Burns 1914 provides that such notice shall show an appeal "from the judgment or some specific part thereof," and the notice in this case recites that "Burton D. Rusk * * * has appealed this cause to the Appellate Court of Indiana." There is nothing in the statute which requires an appellant to describe particularly 'the provisions of the judgment from which he appeals, unless he seeks to question only a part thereof, and, in the absence of such particular description, the appeal will be treated as challenging the entire judgment of the trial court. The notice given by appellant is in substantial compliance with the statute and properly serves to apprise appellees of the action which he has taken.

On August 29, 1914, appellant filed certain amendments to his original briefs by which he obviated in substance a part of the objections theretofore

2. pointed out by appellee Clark. On September 13, 1918, appellee Clark filed a second motion to dismiss the appeal "for the following additional reasons not stated in his prior motion to dismiss herein." The first of these additional reasons goes to the sufficiency of appellant's brief to present any question for review, and the second is predicated on the fact that the judgment appealed from was rendered on

June 23, 1917, while the transcript was not filed in this court until May 3, 1918, more than 180 days thereafter. The latter facts ought properly to have been presented in the first motion to dismiss, but, in any event, they are to be considered with reference to the further fact that appellant's motion for a new trial, properly filed, was not overruled until December 15, 1917. He then had 180 days within which to perfect an appeal, even though he subsequently decided to waive the error, if any, in the overruling of that motion. *Blaemire* v. *Barnes* (1910), 173 Ind. 657, 91 N. E. 232; *Blose* v. *Myers* (1915), 58 Ind. App. 34, 37, 107 N. E. 548.

The contention relative to the insufficiency of appellant's brief presents a more serious question. Under the heading of "Points and Authorities," that brief, as originally prepared, contains a statement of thirty-two propositions of law, not one of which is made to apply directly to any particular ruling or decision of the trial court. The brief also failed to set out any statement of errors relied on for a reversal. These facts were pointed out by appellee Clark in his objections to the record and briefs, whereupon appellant filed a supplemental statement showing that it relies on an assignment of errors containing eight specifications, of which the first challenges, separately and severally, the ruling on the demurrers to each of four paragraphs of complaint. No attempt was made, however, to restate the propositions of law relied on by appellant or to classify them under proper headings which should indicate their application to the particular rulings in issue. There can be no doubt, under many decisions of this and the Supreme Court, that appel-

lant's brief, even as amended, is insufficient properly to present any question for review (*Houck* v. *McCoy* [1916], 185 Ind. 713, 114 N. E. 437; *Palmer* v. *Beall* [1915], 60 Ind. App. 208, 110 N. E. 218), and an application of the rule announced in those decisions, unless modified by the legislative enactment of 1917, will authorize a dismissal of the appeal. It is provided in Acts 1917 p. 523, *supra*, §3, that:

4. "This section of this act is remedial and shall receive a liberal construction so that all appeals shall be considered and decided on their merits, whenever the court is enabled from the briefs and record to determine and pass upon the questions sought to be raised." This section prescribes the method and limits the right of an appellee to make objections to form and contents of his adversary's brief and undoubtedly requires that all efforts to overcome such objections and to make necessary amendments shall be liberally construed to the end that appeals may be decided on their merits, but there is nothing in this section, or in any other provision of law, which justifies an appellant in ignoring defects and omissions to which his attention has thus been called, on the expectation that the appellate tribunal will supply the proper amendments. A good-faith attempt to meet the obligations of the statute will justify a reliance on its beneficial provisions, but, where no such effort is made, there is nothing on which the rule of liberal construction may operate.

Under the conditions here present, we are unable to determine what rulings of the circuit court are actually challenged by this appeal, and we hold therefore that, by reason of the insufficiency of appellant's briefs, the second motion to

dismiss must be sustained. An examination of the record, however, discloses a special finding of facts by the trial court, which is not subjected to criticism in appellant's brief, and on which the judgment below seems to represent substantial justice between the parties.

For the reasons above stated, the appeal is dismissed.

NOTE.—Reported in 121 N. E. 87.