13872

DAVIS *ET AL.* v. STRAUSS *ET AL.*

(174 S. E., 908)

*Mr. L. D. Jennings,* for appellants,

*Mr. M. M. Weinberg,* for respondents,

June 14, 1934.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for the recovery of certain real estate and for damages for its use and occupancy by the defendants. The following undisputed facts appear in the record for appeal: On September 30, 1902, Rebecca C. Davis conveyed by deed to her son, James J. Davis, a tract of 143 acres of land, as stated in the habendum clause, "for a period of his natural life, and from and after his death to his issue, and should any of his children predecease him, the children of a predeceased child shall take together the share to which the parent would have been entitled if living; to such issue as aforesaid, and their heirs and assigns forever." In November, 1905, a suit was brought by Davis against his children then *in esse,* in which he asked for the authority of the Court to sell this tract for $4,500.00 and to reinvest the proceeds of the sale in the purchase from one H. T. Edens of another tract of 196 acres for $5,390.00. He alleged that he was willing to pay the difference in the price of the two

tracts and to pay the costs and expenses of the proceeding. The Master, to whom the matter was referred, reported that it would be to the best interest of the minors to permit this to be done and recommended that it be allowed. The report was confirmed by the Circuit Court, which provided in its decree that "the title to said place to be taken to the plaintiff under the same trusts and limitations as are set forth in the deed of Rebecca C. Davis to him." Under the authority thus given, the 146-acre tract was sold, and the 196 acres were purchased from Edens, Davis executing in favor of the grantor a mortgage of his interest therein to secure a loan of $1,600.00. The deed provided that Davis should hold the property in trust "for the period of his life, and from and after his death, to his issue," etc.

In 1907 suit was brought by Davis, trustee, against Frances E. Davis *et al.,* the defendants in the present case, asking for authority to borrow the sum of $3,000.00 and to mortgage the fee in the 196-acre tract of land as security for the mortgage debt. It was stated in the complaint that, in addition to the $1,600.00 which the plaintiff owed on the mortgage given Edens, he was indebted for premiums on his life insurance, for taxes for the year 1906, and for advances, in the sum of $600.00, made to him for agricultural purposes. The loan sought, as alleged in the complaint, would be used to pay off this indebtedness of Davis. The matter was referred to the Master, who recommended that the mortgaging of the fee for the loan sought be allowed "in order to preserve the life estate of the plaintiff in this tract of land and to keep his life insurance from lapsing." The Master's report was confirmed by a circuit decree, and pursuant thereto the mortgage was executed and the loan obtained. Immediately thereafter Davis conveyed all of his interest in the tract of land to his wife, Adelaide Davis.

In 1908 a suit was brought by Davis and his wife against their children, the appellants in the present case, for the purpose of obtaining the Court's permission to sell these lands. It was alleged that, owing to the depressed conditions

in all lines of business, including that of agriculture, the plaintiffs were unable to rent the land for an amount sufficient to pay interest, taxes, etc., and that, being unable to keep the buildings in repair, they had moved to the City of Sumter, "where they are undertaking to make a living for themselves and the children." They asked that John J. Britton, Jr., be appointed trustee in place of James J. Davis, and that the sale of the premises be authorized for the sum of $4,600.00. In the proceedings had, the Court gave judgment accordingly, and, pursuant to the decree made in the case, the land was conveyed by the Master to H. T. Edens, from whom it subsequently passed, by various transfers, to the present defendants. The sum of $1,600.00 was turned over to Britton, the appointed trustee, who invested that amount in a house and lot in the City of Sumter "upon the same limitations as set out in the deed of Rebecca C. Davis to James J. Davis." The Davis family moved into the house thus purchased, where the father lived until his death shortly thereafter. Each of the children, too, resided there until he or she married or went away. It also appears that the mother, Mrs. Davis, still makes this place her home, and for the past years has been paying the taxes on the property and carrying insurance on the house. It is agreed that the youngest of the children became of age on January 2, 1927.

The case at bar was tried at the summer, 1933, term of Court of Common Pleas for Sumter County before Judge Philip H. Stoll and a jury. At the close of all the testimony the defendants made a motion for a directed verdict on eight grounds, six of which were sustained by the Court. The plaintiffs in due time gave notice of intention to appeal "from the order" of the Circuit Court directing a verdict. Thereafter respondents made a motion to dismiss the appeal on the ground that it was not taken from the final judgment. The plaintiffs thereupon moved to be allowed to amend the "case" by showing entry of judgment. These motions were heard together by Judge Stoll who, in an order dated October 28, 1933, stated that, when the

notice of intention to appeal was served on the respondents the judgment had already been entered up, and that all parties treated the appeal as one from the judgment, and held that it was taken in good faith and should not be dismissed. He therefore permitted counsel for appellants to amend his "case" so as to insert that judgment was entered on the directed verdict on August 8, 1933. From this order the defendants appeal.

It appears from the record, and stands undisputed, that judgment was duly entered on the date above indicated. On August 10th, within ten days after the rising of the Court, counsel for plaintiff served on counsel for the defendants as already indicated notice of intention to appeal "from the order * * * directing a verdict." The contention of the respondents is that this "notice was insufficient to transfer the case to the Supreme Court and showed upon its face that it was not a notice of intention to appeal from a final judgment."

We think, under the conceded fact as to the entry of judgment, the conclusion reached by Judge Stoll was undoubtedly correct. In *Sherbert v. School District,* 169 S. C., 191, 168 S. E., 391, 393, the defendant stated in its notice that it intended to appeal "from the verdict" and would ask the Supreme Court to "reverse and set aside the said verdict." It was conceded that the judgment in the case was entered a few days after the notice was served. The plaintiff contended that the appeal, as indicated by the language of the notice, was from the verdict, and should therefore be dismissed. This Court, in disposing of the question, said: "The purpose of the notice is only to advise the opposite party that an appeal to the Supreme Court is intended; the statute itself prescribes no particular form in which the notice must be given. Our decisions are to the effect that the appeal must be from final judgment and that fact should appear from the transcript of record. We, therefore, think, and so hold, that the fact of the entry of final judgment and not the

exact language used in the notice is determinative of the question here raised."

While the expression, "from the order * * * directing a verdict," was inapt, it should not be allowed, as stated in the *Sherbert case,* the fact of the entry of final judgment being conceded or undisputed, to defeat the appeal, but should be regarded merely as surplusage. The exception raising this question is overruled.

The trial Judge did not pass upon the first ground of the defendant's motion for a directed verdict, namely, "that the deed under which the plaintiffs claim carried a fee conditional to their father and upon the birth of issue carried a fee simple title to their said father," but stated that he would consider the "matter as a life estate with a remainder in the children," and gave the following as his reasons for granting the motion:

"As I see it, in every proceeding in the Court of Equity, in which the rights of infants or remaindermen are taken into consideration, and every step taken was taken in pursuance of the order of the Court of Equity. I think the Court of Equity, and I think numerous decisions, hold they have the power to pass on the rights of infants and remaindermen, and even sometimes where the proceedings finally result in losses to the infants, that is something the future produces and not during the time of the passing of the order, it would not invalidate the order of the Court of Equity.

"The remaindermen mentioned in the deed of Rebecca C. Davis to James J. Davis are now the owners in fee and tenants in common of the property mentioned, as the city property, they are owners in fee and tenants in common of that property. They have made no offer, so far as the record shows, to give the defendants in this case the benefit of what is in that property, and I don't see how they can hold both pieces of property. And under this suit, they are owners of the city property and if they got an order for this other property, then they have both ends of it."

The respondents, as an additional reason for affirming the Court below, ask that the directed verdict be sustained upon the first ground of their motion. Should we find that this can be done, the appeal of the plaintiffs, of course, would be rendered academic. We shall therefore consider, first, the nature of the estate conveyed.

We have set out above the habendum clause of the deed from Rebecca C. Davis to James J. Davis. The granting clause of that deed was to James J. Davis, and the warranty "unto the said James J. Davis and his issue and their heirs and assigns forever." While the deed to the 196-acre tract of land was executed, as provided by the Court's decree, "upon the same trusts and limitations as are set forth in the deed of Rebecca C. Davis," in some way the words "in trust" were inserted, so that the habendum clause read in this wise: "To have and to hold, all and singular, the said premises before mentioned, unto the said James J. Davis and his heirs and assigns forever. In trust, however, to hold the same for the period his life," etc.

The question to be determined is whether the word "issue" was used by Rebecca C. Davis, the grantor, in its technical sense as a word of limitation. If so, then James J. Davis took, under the rule in *Shelley's case,* a fee-conditional estate which, upon the birth of issue ripened into a fee-simple absolute for the purposes of alienation, forfeiture, or to charge. This is the contention of the respondents, and we think their position is sustained by the case of *Antley v. Antley,* 132 S. C., 306, 128 S. E., 31, 32. The Court there had under consideration a deed in which the granting clause contained no words of limitation but of which the habendum clause read: "To have and to hold   *   *   *   into the said Alice A. Mack, for and during the term of her natural life, and after her death to the bodily issue of the said Alice A. Mack, who shall take *per stirpes,* and to the heirs and assigns of such bodily issue forever, provided, however, should said Alice A. Mack die leaving no bodily issue her surviving at the time of her death, then to such other of my

children and the child or children of a deceased child or children as may be living at the time of the death of the said Alice A. Mack, the child or children of a deceased child to take the parent's share, and to their heirs and assigns forever." It was held that Alice Mack took a fee conditional. See, also, *Whitworth v. Stuckey*, 1 Rich. Eq., 404; *Danner v. Trescot*, 5 Rich. Eq., 356; *Miller v. Graham*, 47 S. C., 288, 25 S. E., 165; *Holman v. Wesner*, 67 S. C., 307, 45 S. E., 206; *Clark v. Neves*, 76 S. C., 484, 57 S. E., 614, 12 L. R. A. (N. S.), 298; *Williams v. Gause*, 83 S. C., 265, 65 S. E., 214; *Strother v. Folk*, 123 S. C., 127, 115 S. E., 605.

As we have already indicated, this conclusion renders the appeal of the plaintiffs academic. But we desire to say, in passing, that the action of the Court below, in permitting what it held to be an estate of the minors to be mortgaged for the purpose of paying their father's debts, seems to us to have been unwise, and we do not think that it should have been allowed. However, it appears that the conclusion reached by Judge Stoll in the case at bar, that the plaintiffs could not maintain the suit for recovery of the property in dispute and at the same time accept and retain the benefits derived by them from its sale, warranted, under a view that James J. Davis took a life estate, the granting of the motion for a directed verdict.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Blease, Messrs. Justices Carter and Bonham and Mr. Acting Associate Justice W. C. Cothran concur.