14669

HEWITT v. HEWITT *ET AL.*

(196 S. E., 541)

*Mr. Arnold R. Merchant,* for appellants,

*Mr. C. Yates Brown,* for respondent,

April 13, 1938.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

November 6, 1917, Mrs. L. A. Sims conveyed to her daughter, Claudie Eliza Sims, a certain storehouse and lot in the City of Spartanburg, S. C. At the time of the conveyance, Claudie Eliza Sims was unmarried, but she has since been married to Adolphus Jack Hewitt, to which union has

been born two children, Jacquelyn Ann Hewitt and Adophus Jack Hewitt, Jr., both under the age of fourteen years. The granting clause of the deed is in these words: "Unto the said Claudie Eliza Sims during the term of her natural life and at her death to the heirs of her body in fee simple."

The *habendum* clause is in these words: "Unto the said Claudie Eliza Sims for and during the term of her natural life and at her death to the heirs of her body and to their heirs and assigns forever." Subject to the use of the property by Mrs. L. A. Sims, the grantor, for and during her natural life. Mrs. L. A. Sims has since died. Mrs. Hewitt resides at Waynesville, N. C.

The property, which has been rented, has fallen into disrepair, and the tenants will vacate it unless it is repaired. There have accumulated something more than $600.00 of unpaid taxes on the property, and the tax collector threatens to advertise and sell the property, unless the taxes are paid. Negotiations for a loan were opened with the First Federal Savings & Loan Company, which expressed its willingness to make the loan in an amount sufficient to make the needed repairs and to pay the past-due taxes, if the title to the property was approved by the attorneys of the company. Thereupon this action was brought to obtain the construction of the title by the Court. The matter was referred to the Master for Spartanburg County to take the testimony and report his findings of fact and conclusions of law. There is no contest over the facts as found by him, which findings are in accord with the facts hereinabove referred to.

He concluded, as a matter of law, that Claudie Eliza Sims Hewitt "is the owner of a fee-conditional title to the property, and that since she is the mother of two children, she now has the capacity of conveying a fee-simple title."

From this report, the matter came before Hon. Thomas S. Sease, Judge of the Court of Common Pleas, on a single exception, viz.: "That the Master should have found that plaintiff is the owner of a life estate and the defendants are the owners of the remainder."

His Honor confirmed the report of the Master, and the case is before this Court on appeal from his order, upon a single exception which raises but one question, viz.: "Whether this deed conveys to Claudie Eliza Sims a life estate with remainder to the heirs of her body in fee simple, or whether it conveys to Claudie Eliza Sims a fee-conditional estate?"

We agree with the Master and the Circuit Judge that the granting clause of this deed gives to Claudie Eliza Sims an estate of fee conditional in the property. Since she has married and children are born to her, she may now convey the property in fee simple.

An interesting inquiry is suggested; whether the superadded words in the *habendum* clause serve to take the estate conveyed out of the rule in *Shelley's case* and whether they are controlling as indicative of the intention of the grantor to convey the estate after the falling in of the life estate to the children of Claudie Eliza Sims in fee simple. It is not proper, however, to pursue that question further since the intention of the grantor, or testator, will not be allowed to prevail if it runs counter to any established rule of law. In this case, the grantor has used in the granting clause apt words which convey a fee conditional to Claudie Eliza Sims. The superadded words in the *habendum* clause, if they are allowed to change the estate given to Claudie Eliza Sims, would run counter to the rule of law that where an estate is granted it may not be cut down by a subsequent provision of the same instrument. Hence, the intention in this case may not prevail to cut down the fee-conditional estate given to Claudie Eliza Sims.

The exception is overruled and the judgment affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.