15638

BLUME *ET AL.* v. PEARCY

(29 S. E. (2d), 673)

February, 1944.

410

*Mr. C. T. Graydon* and *Mr. F. Ehrlich Thomson,* both of Columbia, S. C., Counsel for Appellant,

*Mr. J. D. Parler,* of St. George, S. C., Counsel for Respondents,

April 11, 1944.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

In their petition in the lower Court, which was served with summons upon appellant on December 18, 1943, respondents alleged that they had entered into a contract of sale of a certain tract of land in Dorchester County to appellant, title to which they acquired by deed of Elizabeth C. Harper to Ida W. Harper, dated January 9, 1897, which was recorded in deed book 9, page 519, in the office of the Clerk of Court for Colleton County, whereby the grantor, quoting, "in consideration of Two Thousand ($2,000.00) Dollars did convey the land unto the said Ida W. Harper during the term of her natural life and at the death of the said Ida W. Harper the lands were to go to and descend to the issue of Ida W. Harper by Halcomb H. Harper, her then present husband." The terms of the deed were not otherwise incorporated in the petition, nor was a copy of the instrument attached as an exhibit.

It was further alleged as follows: "That Ida W. Harper and Halcomb H. Harper have long since departed this life, leaving as their sole issue of that union the petitioners herein who are now the sole owners in fee simple of the tract of land * * *." Breach by appellant of his agreement to purchase upon tender to him of deed of the petitioners

purporting to convey the property in fee simple was also averred. The prayer was usual in form for decree for specific performance, and for costs.

Appellant demurred upon the ground that the petition, the material portions of which have been set forth above, affirmatively shows that petitioners cannot perform the contract for the reason that they are not owners in fee simple of the land.

Argument upon the demurrer was heard by his Honor, Judge M. M. Mann, who passed order dated February 15, 1944, whereby he overruled the demurrer, with leave to appellant to answer the complaint within ten days after service of a copy of the order upon him, should he be so advised. The effect of the judgment of this Court is to sustain the result of the order, as will be seen, and appellant will have the same time to answer after the filing of the remittitur in the lower Court.

The appeal is upon a single exception which is subject to criticism for its generality for it merely asserts that the Court erred for the reason, quoting, "that respondents do not own a fee-simple title to the tract of land * * * and therefore cannot convey good title." Nevertheless the order appealed from has been fully considered. As indicated, we agree with the result of it but upon very different reasoning. It held in effect that respondents acquired under the deed a vested remainder in fee which "ripened into a fee simple title" upon the death of the life tenant, their mother; and that such conclusion was required in order to effectuate the expressed intention of the grantor in the deed.

But we think, and hold, that the deed plainly created a special fee conditional and that by operation of the rules governing such and of the famous Rule in Shelley's Case, Ida W. Harper was the owner in fee conditional of the land, and it is indicated by the allegations of the petition that the condition was performed, and if Ida W.

Harper made no disposition of the title in her lifetime it descended to her issue by Halcomb H. Harper.

There is a great body of law in this State upon the ■■ subject, difficult mainly because of its mass. Long since settled is the principle that fees conditional exist here, when created by appropriate instrument, under the inherited common law of England and that the Statute de Donis has never been of force in this jurisdiction. An apt quotation may be made from 19 Am. Jur., 498, as follows: "A fee conditional, at common law, was a fee restrained to some particular heirs, exclusive of others. An example of the common-law fee conditional was a grant to a person as grantee and 'to the heirs of his body', which was a general fee conditional. *There was also a special fee conditional limited to heirs of the body by a particular spouse,* and one limited to heirs of a particular sex, 'as to the heirs male of the body' of the grantee." It is noted that the deed now under construction comes within the emphasized portion of this quotation and the estate created by it is properly designated "a special fee conditional."

On the next page of this recent text is found the following interesting statement (19 Am. Jur., 499, par. 38): "With regard to the existence of the fee simple conditional in American Jurisdictions at the present time, the States which have declared such an estate to be existent are Iowa, Nebraska, Oregon, and South Carolina."

The rule in Shelley's Case, applicable here, was abolished by Act of the General Assembly in 1924 (33 Stat., 1140), now Section 8802 of the Code of 1942, but the repeal was, expressly not applicable to instruments executed prior to October 1, 1942, so the problem presented by this appeal must be solved without reference to this act of abolition. The famous rule is effective in this instance to convert the stated life estate in Ida W. Harper to a fee, conditional because of the limitation in purported remainder to her issue, and special because the stated remaindermen should be only her

issue begotten by her then husband, Halcomb H. Harper. *General Land & Investment Co. v. Vallentine,* 181 S. C., 398, 187 S. E., 736.

Scores of South Carolina cases may be found and might be cited in support of the foregoing principles, but sufficient is a recent one involving the term "issue" (ordinarily and here a word of limitation and not of purchase) and also involving application of the rule in Shelley's Case, which is as clearly stated and convincing as any which we have read. It is *Davis v. Strauss,* decided in 1932, and reported in 173 S. C., 99, 174 S. E., 908, opinion by Mr. Justice Stabler, afterward Chief Justice of this Court, which is brief, pointed and conclusive. See also the similar subsequent cases of *Hewitt v. Hewitt,* 187 S. C., 86, 196 S. E., 541; *Lucas v. Shumpert,* 192 S. C., 208, 6 S. E. (2d), 17; and *Sims v. Clayton,* 193 S. C., 98, 7 S. E. (2d), 724.

In 114 A. L. R., 602 there begins a complete annotation upon the subject of the estate of fee-simple conditional and it is most interesting to a South Carolinian for a multitude of cases from the Courts of this State are cited and reviewed. It is practically a digest of our decisions upon the subject, which makes it very valuable to the bench and bar of this State. It follows the report of the decision of the *en banc* Oregon Supreme Court in the case of *Lytle v. Hulen,* 128 Or., 483, 275 P., 45, 114 A. L. R., 587, a jurisdiction similar to our own in respect to its non-recognition of the Statute de Donis. In the opinion are cited several of our decisions and a startling coincidence to us of this State, and particularly to the members of this Court, is that it involved the construction of a deed which was drafted by a "Judge Bonham", long an illustrious name in the annals of South Carolina, most recently made famous again by our late great Chief Justice Milledge L. Bonham, who wrote the opinion of the Court in *Hewitt v. Hewitt, supra.*

Important also in the consideration of the appeal has been reference to Volume 1 of the American Law Institute's Re-

statement of the Law of Property, which is in accord with the principles of construction herein applied.

The order appealed from is affirmed.

MR. CHIEF JUSTICE BAKER and MESSRS. ASSOCIATE JUSTICES FISHBURNE, TAYLOR and OXNER concur.