Henry J. Becker et al., Appellants, *v.* George W. Wells, Doing Business as William Wells & Son, Respondents.

Argued March 2, 1948; decided March 19, 1948.

*Arthur M. Heeg* and *Warren J. Heeg* for appellants. The agreement was one between principal and agent, whereby the principal gave money to the agent with specific instructions to pay out the money under certain terms and conditions. The cause of action pleaded is not for the breach of a contract by defendant to procure a particular type of mortgage for plaintiff, or to convey or cause to be conveyed any interest in real property, but is for the breach of an agreement by defendant " not to disburse plaintiffs' money ", entrusted to him, except on certain specified conditions, among which was the execution by defendant's client of building loan mortgages. The contract, as pleaded, does not fall within the provisions of the Statute of Frauds. (*Altman* v. *Brown, Wheelock, Harris & Co.,* 280 N. Y. 535.)

*Melvin J. Espach* and *Carl A. Espach* for respondent. I. The Statute of Frauds is a complete bar to plaintiffs' cause of action. (*Sleeth* v. *Sampson,* 237 N. Y. 69; *Straus & Co.* v. *Felson,* 216 App. Div. 431; Weed New York Real Property, p. 847; 2 Williston on Contracts [Rev. ed.], § 491; *300 West End Ave. Corp.* v. *Warner,* 250 N. Y. 221; *Hagedorn* v. *Lang,* 34 App. Div. 117; *Wolf* v. *Niemeyer,* 163 Misc. 367; Williston on Contracts, § 448.) II. An appeal to the Court of Appeals does not lie from the order of the Appellate Division, but only from the judgment entered thereon. (*Morgan* v. *Sanborn,* 225 N. Y. 454; Carmody's New York Practice, § 627.)

*Per Curiam.* According to the agreement, as alleged in the complaint, the transaction involved the holding of moneys delivered to defendant by plaintiffs as their agent subject to designated conditions and the disbursement of such moneys in accordance with explicit directions. It is for defendant's violation of that agreement and for his disobedience of their

instructions that plaintiffs seek damages. (See *Heinemann v. Heard,* 50 N. Y. 27, 35; *Gravenhorst* v. *Turner,* 215 App. Div. 617.) Defendant's promise — being collateral to and independent of any agreement involving the sale or transfer of an interest in land — is beyond the reach of the Statute of Frauds pleaded by defendant (Real Property Law, §§ 242, 259) and may be established and enforced even though oral. (Cf. *Altman* v. *Brown, Wheelock, Harris & Co.,* 280 N. Y. 535; *Reeve* v. *Cromwell,* 227 App. Div. 32; *Conklin* v. *Kruger,* 79 N. J. L. 326; Restatement, Contracts, § 194, subd. [2]; 2 Williston on Contracts [Rev. ed.], § 489, p. 1407; 2 Page, Law of Contracts [2d ed.], § 1277 *et seq.*; § 1287.)

The misstatement in the notice of appeal that the appeal is taken from the order rather than the judgment of the Appellate Division affects no substantial right and is disregarded " as immaterial ". (See *Rosenberg* v. *General Realty Service, Inc.,* 259 N. Y. 123, 125; *Matter of Westberg,* 279 N. Y. 316, 321–322.)

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., LEWIS, DESMOND, THACHER, DYE and FULD, JJ., concur in *Per Curiam* opinion; CONWAY, J., dissents upon the ground that the agreement alleged involved the sale of an interest in real property and thus was required to be in writing. (Real Property Law, §§ 242, 259; *Sleeth* v. *Sampson,* 237 N. Y. 69, 72.)

Judgment accordingly.