18750

STYLECRAFT, INC., Respondent, v. P. E. THOMAS and
Otis Robinson, Appellants

(159 S. E. (2d) 46)

*Messrs. J. Roy Berry,* of Johnston, and *W. Ray Berry,*
of Columbia, *for Appellants,*

*Messrs. J. R. Folk* and *Joe F. Anderson,* of Edgefield. *for Respondent,*

January 28, 1968.

LEGGE, Acting Associate Justice.

The parties have stipulated that the sole issue here is as to the quantum of the estate conveyed by a certain deed which in pertinent part reads as follows:

STATE OF SOUTH CAROLINA
COUNTY OF EDGEFIELD
KNOW ALL MEN BY THESE PRESENTS, that I, T. C. Hammond in the State aforesaid, Aiken County, in consideration of the sum of Eighty & No/100 Dollars to me paid by Tom McCain, James Smith & William Hammond as Trustee of Carys Hill School in the State aforesaid Edgefield County have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said Tom McCain, James Smith and William Hammond, their successors and assigns, All that lot or parcel of land in the State & County above named containing Four (4) acres and bounded East, North & West by lands of the Grantor (T. C. Hammond) and South by lands of H. W. McKie.

It is specifically understood and agreed by all parties that the land is to be used for school purposes only—should it

ever be used for other purposes the said property is to be revert to him the said T. C. Hammond or his heirs and assigns forever.

Together with all and singular, the rights, members, hereditaments and appurtenances to the said premises belonging or in anywise incident or appertaining.

TO HAVE AND TO HOLD all and singular the premises before mentioned unto the said Tom McCain, James Smith and William Hammond, their successors and Assigns forever.

And I do hereby bind myself & my Heirs, Executors and Administrators, to warrant and forever defend all and singular the said premises unto the said Tom McCain, James Smith and William Hammond, their successors and Assigns, against me and my heirs and all other persons lawfully claiming, or to claim, the same or any part thereof.

WITNESS my hand and Seal this 16th day of April in the year of our Lord one thousand nine hundred and Twenty five and in the one hundred and 49th year of the Sovereignty and Independence of the United States of America.                    T. C. HAMMOND   (SEAL)

Signed, Sealed and Delivered
in the Presence of:

W. R. SWEARINGEN
H. W. McKIE

Plaintiff claimed ownership in fee simple as successor in title, through successive conveyances, of the grantees named in the foregoing deed. The defendant P. E. Thomas claimed as owner, through successive assignments, of the reversionary interest which he alleged remained in the grantor; his codefendant Otis Robinson was in possession, at the commencement of this action, as his tenant or agent. It was stipulated that for some time prior to its acquisition by the plaintiff the property in question had ceased to be used for school purposes. The defendants have appealed from a

circuit decree adjudging the plaintiff to be the owner in fee simple and ordering them to surrender possession.

In a long and unbroken line of decisions this court has approved the rule that where the granting clause in a deed purports to convey title in fee simple absolute that estate may not be cut down by subsequent words in the same instrument. *Glenn v. Jamison,* 48 S. C. 316, 26 S. E. 677; *Shealy v. Shealy,* 120 S. C. 276, 113 S. E. 131; *Groce v. Southern Railway Co.,* 164 S. C. 427, 162 S. E. 425; *Hewitt v. Hewitt,* 187 S. C. 86, 196 S. E. 541; *Page v. Lewis,* 209 S. C. 212, 39 S. E. (2d) 787; *Glasgow v. Glasgow,* 221 S. C. 322, 70 S. E. (2d) 432; *Southern Railway Co. v. Smoak,* 243 S. C. 331, 133 S. E. (2d) 806. The deed now before us falls squarely within that rule. The granting clause conveyed a fee simple absolute; the restrictive words following the description of the property were ineffectual to cut down that estate.

Appellants contend that the judgment of the lower court should be reversed because application of the rule before mentioned would defeat the grantor's plainly expressed intention. That position cannot be sustained; the intention of a grantor will not be allowed to prevail if it runs counter to an established rule of law. *Sandford v. Sandford,* 106 S. C. 304, 91 S. E. 294; *Hewitt v. Hewitt, supra.*

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.