IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
APRIL 21, 2004 Session

## CHRISTY JOHNSON, ET AL. v. DUNCAN E. RAGSDALE

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006360-01     John R. McCarroll, Judge**

———————————————

**No. W2003-01257-COA-R3-CV - Filed July 6, 2004**

———————————————

This case involves the dismissal of Appellant's legal malpractice claim against Appellee on the basis that Appellee, after the initial dismissal of Appellant's medical malpractice claim, failed to file a lawsuit before the statutory period for refiling expired. The General Sessions Court of Shelby County entered a judgment for Appellee. Appellant subsequently appealed this decision to the Circuit Court of Shelby County, which dismissed Appellant's cause for lack of jurisdiction. We reverse the circuit court's decision and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

David Burlison, Memphis, TN; John J. Allan, St. Louis, MO, for Appellants

David M. Cook, Virginia M. Patterson, Memphis, TN, for Appellee

**OPINION**

**Facts and Procedural History**

Christy Dianne Johnson ("Appellant") gave birth to her daughter, Danielle Breanna Taylor ("Danielle"), on October 10, 1995. However, on October 26, 1995, Danielle died as a result of hemorrhagic cerebral infarction, coagulation, and acute hepatic failure. At the time of birth, Appellant was actively suffering from the herpes simplex virus. Appellant alleges that, had the medical staff tested her for the herpes simplex virus, they could have performed a Caesarian section to avoid any complications for Danielle.

Thereafter, Appellant employed the legal services of Duncan E. Ragsdale ("Appellee") to file a medical malpractice claim against the hospital and medical staff for the death of her daughter. Appellee filed suit on behalf of Appellant on October 9, 1996, to avoid the running of the statute of limitations on Appellant's claim. Thereafter, the suit was dismissed without prejudice and Appellant had one year to refile her suit to preserve her medical malpractice claim. Appellant alleges that Appellee did not advise her of this period of limitation and failed to refile her medical malpractice claim. After losing her right to recover under a medical malpractice claim, Appellant filed a civil warrant against Appellee in May 2000 in the Shelby County General Sessions Court to recover under a theory of legal malpractice. Such civil warrant had a docket number of 798646 Subsequently, Appellant took a voluntary nonsuit, and judgment was entered on June 20, 2000. Appellant filed a second civil warrant in June 2001 in the Shelby County General Sessions Court again alleging legal malpractice against Appellee. This civil warrant had a docket number of 855910. After a hearing, the general sessions court entered a judgment for Appellee on September 26, 2001. On October 5, 2001, Appellant filed a notice of appeal and appeal bond in the general sessions court, seeking an appeal to the circuit court. Such notice and bond stated Appellant's and Appellee's names as the parties, stated it was an appeal of an order of the general sessions court entered on September 26, 2001, but listed the docket number of 798646 rather than 855910. Appellee moved to dismiss the case and, based on this incorrect docket number, the circuit court granted Appellee's motion to dismiss for lack of jurisdiction. Appellant now appeals to this Court and presents the following issue for our review: whether Appellant perfected her appeal to the circuit court giving the circuit court jurisdiction despite the fact that she put the wrong docket number on her notice of appeal and appeal bond. For the following reasons, we reverse the circuit court's dismissal for lack of jurisdiction and remand for further proceedings consistent with this opinion.

**Standard of Review**

When a trial court sits without a jury, we review its findings of fact *de novo*, affording such findings a presumption of correctness. Tenn. R. App. P. 13(d). However, a trial court's conclusions of law are reviewed *de novo* and given no presumption of correctness. *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (citing *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999)); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993) (citing *Estate of Adkins v. White Consol. Indus., Inc.*, 788 S.W.2d 815, 817 (Tenn. Ct. App. 1989)).

**Law and Analysis**

Appellant contends that it was error for the circuit court to dismiss her claim for lack of jurisdiction on the basis that the wrong docket number was entered on her notice of appeal and appeal bond. As a preliminary matter, we note that Tenn. Code Ann. § 27-5-108 (2000) states that "[a]ny party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter." Tenn. Code Ann. § 27-5-108(a). In this case, the judgment of the general sessions court was entered on September 26, 2001. Appellant filed her notice of appeal and appeal bond on October 5, 2001. We are mindful that "[t]he time within which any act provided by law is to be done shall be

computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded." Tenn. Code Ann. § 1-3-102 (2003). In this case, it is undisputed that Appellant filed her notice of appeal and appeal bond within the ten-day period.

Next, we note that, in general, a notice of appeal should sufficiently describe or specify the judgment or order appealed from, but "a mistake in designating the judgment appealed from is not fatal, so long as the intent to appeal from a specific ruling can fairly be inferred and so long as the other party is not misled or prejudiced." 5 Am. Jur. 2d *Appellate Review* § 335 (1995) (citing *Sanabria v. United States*, 437 U.S. 54 (1978); *Foman v. Davis*, 371 U.S. 178 (1962); *Badger Pharmacal v. Colgate-Palmolive Co.*, 1 F.3d 621 (7th Cir. 1993); *SEC v. Van Waeyenberghe*, 990 F.2d 845 (5th Cir. 1993)); *see also* 4 C.J.S. *Appeal and Error* § 375 (1993). "Thus, [a notice of appeal] is sufficient if, although defective, the notice adequately describes or identifies the judgment or order, and appellee is not misled, in which case the court will disregard mere clerical errors, surplusage, and other mistakes." 4 C.J.S. *Appeal and Error* § 375 (citing *City Holding Co. v. Hosch*, 124 So. 291 (Ala. 1929); *Title Guarantee & Trust Co. v. Lester*, 14 P.2d 297 (Cal. 1932); *Markiavicus v. L.E. Bunnell Transp. Co.*, 175 A. 914 (Conn. 1934); *Price v. Horton*, 80 So. 305 (Fla. 1918); *Jenkins v. Dunlop Tire & Rubber Corp.*, 30 S.E.2d 498 (Ga. Ct. App. 1944); *Turner v. Purdum*, 289 P.2d 608 (Idaho 1955); *In re Marriage of Betts*, 511 N.E.2d 732 (Ill. App. Ct. 1987); *Rusk v. Kokomo Steel & Wire Co.*, 121 N.E. 87 (Ind. Ct. App. 1918); *Citizens First Nat'l Bank of Storm Lake v. Turin*, 431 N.W.2d 185 (Iowa Ct. App. 1988); *In re Charles' Estate*, 148 P.2d 765 (Kan. 1944); *Bumpus v. Drinkard's Adm'x*, 279 S.W.2d 4 (Ky. 1955); *Garrett v. City of Lake Charles*, 499 So. 2d 956 (La. Ct. App. 1986); *Allison v. Sverdrup & Parcel & Assocs., Inc.*, 738 S.W.2d 440 (Mo. Ct. App. 1987); *Burgess v. Lasby*, 24 P.2d 147 (Mont. 1933); *Johns-Manville, Inc. of Cal. v. Lander County*, 234 P. 518 (Nev. 1925); *Becker v. Wells*, 78 N.E.2d 609 (N.Y. 1948); *Bank of Pinehurst v. Derby*, 2 S.E.2d 875 (N.C. 1939); *Moore v. Foreacher*, 105 N.E.2d 80 (Ohio Ct. App. 1951); *Topolos v. Skotheim*, 250 P. 235 (Or. 1928); *Davis v. Strauss*, 174 S.E. 908 (S.C. 1934); *Morrison v. Connery*, 223 N.W. 210 (S.D. 1929); *Lipscomb v. McCart*, 295 S.W. 245 (Tex. 1927); *Salt Lake City v. Anderson*, 148 P.2d 346 (Utah 1944); *Sargent v. Selvar*, 280 P.2d 683 (Wash. 1955)).

In this case, Appellant filed a notice of appeal which stated that Appellant and Appellee were the parties to the suit, that the appeal was from the general sessions court's judgment "entered the 26th day of September, 2001," that Appellant sought an appeal of the judgment with the Shelby County Circuit Court, but that the docket number of the case was 798646, which was the docket number of the general sessions case dismissed in June 2000. Additionally, Appellant's appeal bond filed with the notice of appeal named Appellant and Appellee as the parties to the appeal but also listed 798646 as the docket number. Under these circumstances, we hold that it was error for the circuit court to dismiss Appellant's claim for lack of jurisdiction. Though Appellant, in her notice of appeal and appeal bond, designated a general sessions docket number that was for a judgment outside of the ten-day period for appeal, she stated in her notice of appeal that she was appealing the judgment entered on September 26, 2001. Given that the notice indicated the date of the judgment she was appealing, the incorrect docket number is merely a technical error. Additionally, we note

that, after our review of the record, it appears that Appellee was not misled or prejudiced as a result of the incorrect docket number. Appellee not only filed a motion to dismiss for lack of jurisdiction, he also filed motions for summary judgment, arguing there was no genuine issue of material fact as to whether he committed legal malpractice. In addition, the parties appear to have argued over whether the medical staff performing Danielle's birth exercised reasonable care. Such issues were central to the claim and judgment of Appellant in the case docketed number 855910 and show that the Appellee was not misled about which judgment was being appealed to the circuit court. Therefore, we reverse the circuit court's dismissal of Appellant's claim for lack of jurisdiction and remand for further proceedings consistent with this opinion.

## Conclusion

For the reasons stated above, we reverse the circuit court and remand for further proceedings. Costs of this appeal are taxed to Appellee, Duncan E. Ragsdale, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE