**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Joseph L. Myers, III, Appellant,

v.

JKM Holdings, Inc., JKM Holdings South Carolina, LLC, and Snee Farm, Inc., a dissolved Corporation, Respondents.

Appellate Case No. 2010-177867

———————

Appeal From Charleston County
Michael G. Nettles, Circuit Court Judge

———————

Unpublished Opinion No. 2012-UP-490
Heard June 7, 2012 – Filed August 15, 2012

———————

**AFFIRMED**

———————

Thomas R. Goldstein, of Belk Cobb Infinger & Goldstein, PA, of Charleston, for Appellant.

Aaron Eric Edwards and Lawrence E. Richter, Jr., both of The Richter Firm, LLC, of Mount Pleasant, for Respondents.

———————

**PER CURIAM:** Joseph L. Myers, III, appeals the trial court's determination that 183 acres owned by JKM Holdings, Inc. (JKM), which had been previously used

as a golf course, can be used for purposes other than recreation. On appeal, Myers argues (1) the restriction and covenants create a conservation easement, (2) the deed and covenants restrict development, (3) the elements of promissory estoppel were met, and (4) JKM holds the property in trust for the residents of Snee Farm. We affirm the trial court.

1. As to whether a conservation easement exists, we find this issue is not preserved for review. This issue was neither raised to nor ruled upon by the trial court. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (noting to be preserved for review, an issue must be raised to and ruled upon by the trial judge); *id.* (finding an issue cannot be raised for the first time on appeal).

2. As to whether the trial court erred in determining the deed and covenants allow development on the 183 acres, we find the supreme court's decision in *Stylecraft, Inc. v. Thomas*, 250 S.C. 495, 159 S.E.2d 46 (1968), controlling. Here, as in *Stylecraft*, the granting clause conveys a fee simple absolute. Even though the intent of the grantor was to maintain the conveyed property as recreational, the subsequent language in the deed conditioning any potential inconsistent use with a right of re-entry improperly cuts down the estate; thus, it is ineffective pursuant to *Stylecraft*. The granting clause of the deed and the covenants, as incorporated, do not expressly prevent future development on the 183 acres. *See id.*, 250 S.C. 495, 498, 159 S.E.2d 46, 47 ("In a long and unbroken line of decisions this court has approved the rule that where the granting clause in a deed purports to convey title in fee simple absolute that estate may not be cut down by subsequent words in the same instrument."); *Hardy v. Aiken*, 369 S.C. 160, 166, 631 S.E.2d 539, 542 (2006) (noting courts should strictly construe restrictive covenants, with all doubts resolved in favor of the free use of the property); *Matsell v. Crowfield Plantation Cmty. Servs. Ass'n, Inc.*, 393 S.C. 65, 71, 710 S.E.2d 90, 93 (Ct. App. 2011) ("Words of a restrictive covenant will be given the common, ordinary meaning attributed to them at the time of their execution."); *Taylor v. Lindsey*, 332 S.C. 1, 4, 498 S.E.2d 862, 864 (1998) ("The court may not limit a restriction in a deed, nor, on the other hand, will a restriction be enlarged or extended by construction or implication beyond the clear meaning of its terms even to accomplish what it may be thought the parties would have desired had a situation which later developed been foreseen by them at the time when the restriction was written."); *id.* ("It is still the settled rule in this jurisdiction that restrictions as to the use of real estate should be strictly construed and all doubts resolved in favor of free use of the property . . . .").

3. As to whether Myers is entitled to relief under a theory of promissory estoppel, we find Myers failed to establish a promise made by either Snee Farm, Inc. or JKM. *See Stevens & Wilkinson of S.C., Inc. v. City of Columbia*, 396 S.C. 338, 348, 721 S.E.2d 455, 460 (Ct. App. 2011) ("To recover for promissory estoppel, a plaintiff must prove the following: (1) a party made a promise unambiguous in its terms; (2) the party to whom the promise is made reasonably relied on the promise; (3) the reliance was expected and foreseeable by the party who made the promise; and (4) the party to whom the promise is made sustained injury in reliance on the promise."); *Craft v. S. C. Comm'n for Blind*, 385 S.C. 560, 565, 685 S.E.2d 625, 627 (Ct. App. 2009) (holding to recover under a theory of promissory estoppel a party must demonstrate each element of promissory estoppel).

4. As to whether evidence in the record establishes JKM holds the 183 acres for the benefit of Snee Farm residents, we find Myers failed to demonstrate JKM holds the 183 acres in trust for the residents. *See Regions Bank v. Schmauch*, 354 S.C. 648, 670, 582 S.E.2d 432, 444 (Ct. App. 2003) ("A fiduciary relationship exists when one reposes special confidence in another, so that the latter, in equity and good conscience, is bound to act in good faith and with due regard to the interests of the one reposing confidence.") (quoting *O'Shea v. Lesser*, 308 S.C. 10, 15, 416 S.E.2d 629, 631 (1992)); *Steele v. Victory Sav. Bank*, 295 S.C. 290, 293, 368 S.E.2d 91, 93 (Ct. App. 1988) ("As a general rule, a fiduciary relationship cannot be established by the unilateral action of one party."); *Regions Bank*, 354 S.C. at 671, 582 S.E.2d at 94 ("The other party must have actually accepted or induced the confidence placed in him.").

**AFFIRMED.**

**PIEPER, KONDUROS, and GEATHERS, JJ., concur.**