10591

CORLEY *ET AL.* v. HOYT *ET AL.*

(107 S. E. 34)

1. DEEDS—CONVEYANCE TO GRANTOR'S NIECE AND HEIRS OF HER BODY, WITH LIFE ESTATE TO GRANTOR, HELD A FEE CONDITIONAL.—Where a landowner conveyed to his niece and the heirs of her body, reserving a life estate to himself, and the deed provided that if she should die without heirs of her body then the property shoul go to another niece, the estate conveyed to the first niece was a fee conditional.

2. REVERSIONS—FEE CONDITIONAL HELD TO REVERT TO GRANTOR'S ESTATE UPON NONCOMPLIANCE OF CONDITION.—Where a landowner conveyed to his niece and heirs of her body, reserving a life estate to himself, on the death of the niece, the condition not having been complied with, the land reverted to the estate of the grantor, and, he dying without widow or issue, it was divisible among his next of kin.

3. DESCENT AND DISTRIBUTION—NEXT OF KIN AT TIME OF DEATH OF OWNER OF FEE CONDITIONAL REVERTING TO GRANTOR HELD ENTITLED TO TAKE.—Where a landowner conveyed to his niece and the heirs of her body, reserving a life estate to himself, and upon the death of the niece and noncompliance with the condition the land reverted to the grantor's estate, he having died without widow or issue, those took who were the next of kin at the time of the death of the niece.

4. DESCENT AND DISTRIBUTION—GRANDNIECES AND NEPHEWS HELD TO TAKE TO EXCLUSION OF GREAT-GRANDNEPHEWS UNDER STATUTE.— On partition of an estate divisible among intestate's next of kin, where there were grandnieces and nephews and great-grandnephews, a verdict was properly directed in favor of the grandnieces and nephews to the exclusion of the great-grandnephews; there being no representation admitted among collaterals after brothers' and sisters' children under the statute.

Before SHIPP, J., Edgefield. October term, 1919. Affirmed.

Action in partition by Susan A. Corley and John R. McGraw against T. R. Hoyt and others. From decree of partition eliminating the defendants, T. A. Whittle and James Whittle, from participation, said defendants appeal.

*Mr. Barnard B. Evans,* for appellants, cites: *Statute of Distributions construed:* 14 Rich. Eq. 105; 3 Strob. 39; 102 S. C. 361; 89 S. C. 198; Riley Eq. 123. *Deed conveyed a life estate:* 102 S. C. 227; 102 S. C. 261; 88 S. C. 298; 51 S. C. 557. *Remainder in fee passed at death of grantor to his heirs, before death of life tenant:* 102 S. C. 261. *Heirs of predeceased child do not take:* 102 S. C. 227. *Man not seen for 20 years is presumed dead:* 81 S. C. 290. *As to the law of the case generally:* 22 S. C. 512; 10 S.C. 386; 26 S. C. 450; 65 S. C. 396; 44 S. C. 503; 65 S. C, 348; 67 S. C. 130; 63 S. C. 205; 162 U. S. 439; 102 S. C. 7; 102 S. C. 41; 101 S. C. 424; 69 S. C. 294; 48 S. C. 341; 69 S. C. 285.

*Messrs. Ramage & Crouch, J. W. Thurmond, D. S. Henderson, N. G. Evans, and Humphries & Humphries for re-*spondent, cite: *Deed created fee conditional:* 90 S. C. 474; 99 S. C. 308; 48 S. C. 440; 103 S. C. 203; 94 S. C. 308. *Life tenant having no heirs of the body there was reversion to the heirs of grantor:* 31 S. C. 27; 81 S. C. 285; 17 S. C. 551; 11 A. & E. Enc. L. (2nd Ed.) 370; 91 S. C. 493. *Reversion was to heirs of grantor at his death:* 102 S. C. 370. Statute of Distributions, Sec. 3555, 1 Civ. Code 1912, Secs. 2, 6. *Representation not admitted beyond brothers and sisters' children:* 2 Bay; 3 DeS. Eq. 418; Dud. Eq. 212.

March 22, 1921.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action to partition the land formerly of Matthew McGraw. Matthew conveyed the land to his niece, Laura A. Ready, and the heirs of her body, reserving a life estate to himself. The estate conveyed to Laura A. Ready was unquestionably a fee conditional. She had no descendants at the time of the deed, nor did she have

any other children after the executioon of the deed. The deed provided that, if Mrs. Rady should die without heirs of her body, then to his niece, Effie Huff. Effie Huff predeceased Mrs. Ready, and, as only a life estate was conveyed to her, her interest passes out of the case. At the death of Mrs. Ready, the condition not having been complied with, the land reverted to the estate of Matthew McGraw, and, as he died without widow or issue, the land was divisible between his next of kin. At the death of Mrs. Ready there were two classes of claimants, grandnieces and nephews in one class, who claimed the entire estate, and the great-grandnephews, who claimed a share. The case was tried before Judge Shipp and a jury. There being no dispute as to the relationship of the parties, the questions were purely questions of law, and a verdict was directed in favor of the grandnieces and nephews, to the exclusion of the great-grandnephews. From this holding this appeal was taken.

I. The first question in determining who shall take is: Do you reckon from the date of the deed, or from the death of Mrs. Ready, when the land reverted?

Judge Shipp was right when he held that those took who were the next of kin at the time of the death of Mrs. Ready. See *Blount v. Walker,* 31 S. C. 27, 9 S. E. 804. This was not the creation of a life estate with remainder. The estate created a fee conditional. The whole estate was gone from Matthew McGraw, and there was nothing to inherit until the death of Mrs. Ready.

II. The second question is, Do the great-grandnephews take where there are grandnieces and nephews?

They do not. The appellants say:

"The lineal descendants of the estate shall represent their respective parents and shall take among them the share or shares to which their parents would have been entitled had such parents survived the intestate."

The statute is very clear: "Provided that there be no representation admitted. among collaterals after brothers' and sisters' children." That language is too plain for further statement. The appellants do not come within the statute and do not take. The appellants do not argue the other questions made by the exceptions, and the reasons for overruling them need not be stated.

The judgment is affirmed.