### The Consolidation Coal Company v. Riddle, et al.

(Decided March 13, 1923.)

#### Appeal from Pike Circuit Court.

1. Assignments—Conveyance of Mere Expectancy From Person Then Living is Void.—A conveyance of an interest as heir of a person who is then alive was the conveyance of a mere expectancy, which is void and passes no title.

2. Estoppel—Execution of Deed Cannot Estop Heirs From Attacking Conveyance of Expectancy.—Since the execution even of a warranty deed will not estop heirs from thereafter attacking the conveyance as a conveyance of a mere expectancy, they are not estopped from attacking such conveyance by the execution of quitclaim

deeds to another heir, who conveyed to defendants, nor by statements to the other heir they would not claim any further interest in the land.

3.   Judgment—Petition Held to Support Judgment Giving Interest in Land.—Where the defendant admitted that plaintiffs' ancestor had owned the land covered by designated patents, after which the plaintiffs amended their petition and asserted claim to the land, notwithstanding a conveyance by them of their interest as heirs during their ancestor's lifetime, a judgment, giving plaintiffs the interest in the land, was proper.

E. C. O'REAR, W. G. DEARING, ALLIE W. YOUNG and A. J. KIRK for appellant.

ROSCOE VANOVER for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On August 1, 1891, William Johnson conveyed to his daughter, Margaret Riddle, a tract of land on Long fork of Shelby creek in Pike county.  Margaret Riddle had several children, among whom were T. M. Riddle, J. I. Riddle, and J. F. Riddle.  Prior to the death of their mother on March 15, 1904, J. I. Riddle and T. M. Riddle conveyed to their brother, J. F. Riddle, all their interest in the undivided estate of their mother, including the land conveyed to her by her father.  J. F. Riddle then conveyed to the Northern Coal & Coke Company, which conveyed to the Consolidation Coal Company.

This suit was brought by T. M. Riddle and J. I. Riddle against the Northern Coal and Coke Company and others to recover their interests in the land owned by their mother at the time of her death, and for a partition thereof among the joint owners.  During the progress of the action the Consolidation Coal Company, the successor in title to the Northern Coal & Coke Company, intervened and filed an answer and cross petition presenting several defenses.  The chancellor held the defenses insufficient and rendered judgment in favor of plaintiffs.  The Consolidation Coal Company appeals.

By the deeds which they executed to their brother, J. F. Riddle, appellees each conveyed ''one heir's interest'' in the land owned by their mother.  As their mother was then alive, they had neither a vested nor a contingent interest in the subject matter of the conveyance.  Therefore all that they conveyed was an estate which they expected to inherit from one who was then living, and it has long been the settled rule in this state

that a conveyance of a mere expectancy is void and passes no title. Spacey v. Close, 184 Ky. 523, 212 S. W. 127; Hunt v. Smith, 191 Ky. 443, 230 S. W. 936.

But it is insisted that the plea of estoppel should have been sustained. The basis of this plea is that appellees not only conveyed by warranty deed, but, for the purpose of inducing the Northern Coal & Coke Company to purchase the land, executed quit claim deeds to their brother and asserted that they would not claim any further interest in the land. Where only an expectancy is conveyed, not even a warranty deed will estop the grantor from asserting an interest thereafter acquired; Spacey v. Close, *supra;* Hunt v. Smith, *supra;* and *a fortiori* the subsequent execution of a quit claim deed, or the statement of the grantor that he will not claim any interest in the land, all occurring before the death of the true owner, can have no greater effect.

The contention that the judgment gave appellees an interest in land to which they were not entitled is without merit. Appellant's answer admitted that William Johnson owned the land covered by patents Nos. 4483, 27002 and 33349, and that the title thereto passed to Margaret Riddle. Thereupon, appellees amended their petition and asserted claim to the land, and the judgment gave them only what they asked and what appellant admitted they were entitled to.

Judgment affirmed.