16196

TYSON *ET AL.* v. WEATHERLY *ET AL.*
(52 S. E. (2d) 410)

337

*Messrs. Tison & Miller,* of Bennettsville, *for Appellants,*

*Messrs. Stevenson & Lindsay,* of Bennettsville, *for Respondents,*

March 16, 1949.

STUKES, Justice.

C. M. Weatherly of Marlboro County executed a deed of a tract of land to his daughter, Coline E. Weatherly, dated June 24, 1905, wherein the granting clause is as follows:

"unto the said Coline E. Weatherly for and during the period of her natural life and after her death of her then living children share and share alike; the child or children of one dead to stand in the stead and represent his, her or their parent and take the same part said deceased parent would have taken if living."

The habendum is also quoted, as follows:

"To Have and to Hold all and singular the premises before mentioned unto the said Coline E. Weatherly for and during her natural life and then to her surviving children, share and share alike, the child or children of any deceased child to take the part his, her or their parent would have taken if living, to them and their heirs and assigns forever."

A few months later the grantor made his last will and testament which contained a residuary clause, the effect of which is not in issue so it need not be referred to in detail. The will was admitted to probate after the maker's death in 1906.

The grantee in the aforementioned deed, Coline E. Weatherly, never married and died childless and testate on February 8, 1946. This action for partition of the land was commenced September 25, 1946, and involves the construction of the terms of the deed.

The appeal is from the decree of the Circuit Court which held upon the authority of *Manigault v. Bryan,* 154 S. C. 78, 151 S. E. 199, that the fee of the property did not pass from the grantor under the deed but remained in him subject to the happening of the contingency whereby the remainder should vest and, it never having happened, the fee passed to his devisees under the terms of the residuary clause of his will.

The exceptions mainly challenge this conclusion and contend that the interest in the land which remained in the grantor was an expectancy or possibility of reverter which could not be aliened or devised. The nature of these exceptions, which are the first three assigned by appellants, are such that they do not contest the holding that, if the fee remained in the grantor, it passed to his residuary devisees. In other words, it is not contended that the terms of the residuary clause of grantor's subsequent will were insufficient to vest the fee in the residuary devisees, if the fee remained in the grantor after the execution and delivery of the deed. Thus there is no question of testacy or intestacy as to the re-

version. The result of the contention of appellants is that the fee descended to those who are able to bring themselves within the description of heirs of the grantor at the time of the death childless of Coline E. Weatherly. There is a fourth exception which will be treated last, in the light of the facts upon which it is based.

*Manigault v. Bryan, supra,* 154 S. C. 78, 151 S. E. 199, 200, and the authorities which it cites are conclusive upon the construction of the deed in hand. That case involved a will, here quoted:

"I give, devise and bequeath all my property of every kind and description unto my wife, Mary E. Manigault, for and during the term of her natural life or widowhood, and from and after the death of my said wife or her widowhood, whichever event may first happen, I give, devise and bequeath all of my said property unto my children living at the death or marriage of my said wife, share and share alike, absolutely and forever; but if there be only one child living at the death or marriage of my said wife, then I give, devise and bequeath unto that one child all my said property, absolutely and forever."

The widow and two children survived testator but both children died intestate and unmarried, the widow surviving unmarried at the time of the litigation. It was held that the fee remained in the testator or his heirs until the happening of the contingency which should vest the remainder in fee, and the death of both children childless made the contingency impossible, so that the widow inherited from the children as their sole heir and these inherited estates combined with her own as an heir of her husband. and thereby the whole estate in fee became vested in the surviving widow.

The fact that a will was concerned in the *Manigault case,* instead of a deed as here, is of no moment. The exhaustive opinion cites supporting authorities in which were involved construction of deeds and quoted with approval is the following from 3 Thomp. Real Property, section 2162:

"Where a deed conveyed a life estate, with a contingent remainder to others, the fee remained in the grantor, subject to be divested by the happening of the contingency upon which the title would vest in the remaindermen, and descended to the heirs of the grantor in case of his death before the happening of the contingency."

The result of the conveyance under construction was not to mount a fee upon a fee, as is earnestly contended by counsel. The fee, of course, was already in the grantor and he conveyed the property to the named grantee expressly for life with contingent remainder to grantee's children. It was a double contingency; that is (1) there must be a child or children (2) who should survive the life tenant. The contingencies failed so that the fee in remainder reverted to the grantor. This type of remainder is designated in A. L. I., 2 Restatement of the Law of Property, Future Interests, at pages 561 *et seq.*, as a remainder subject to a condition precedent, whehreh it is said: "When a limitation creates a remainder and it is not possible to point to any person and say such person would take, if all interests including a prior right to a present interest should now end, this remainder is subject to a condition precedent. This uncertainty distinguishes this type of remainder from those vested subject to open and from those vested subject to complete defeasance." An example stated at page 562 is as follows: "A, owning Blackacre in fee simple absolute, transfers, Blackacre 'to B for life, remainder to the children of B.' B has never had a child. A remainder subject to a condition precedent is limited in favor of persons not yet existent."

In such case the grantor simply does not divest himself completely of his title. That which he has left is a reversionary interest which is a future interest and when it comes into possession, as here, the right of possession reverts to the grantor or, in the case of his death, as in this case, it descends, if he died intestate as to it, to his heirs at law at the time of his death, or if testate, as here under the uncontested

terms of the residuary clause in the grantor's will, the property passes to his devisees or their representatives. This is confirmed by the following statements which are quoted from the volume of the Restatement which has been referred to *supra,* page 606: "On the intestate death of the owner of a future interest, which is not so restricted in duration that it ceases on his death, such interest passes in accordance with the rules of intestate succession applicable to present interests of the same type in the same thing;" and at page 616: "The owner of any future interest, which is not so restricted in duration that it ceases on his death, has the power to make a testamentary disposition, or a gift *causa mortis,* of his interest, or of any part thereof, except to the extent that such disposition is precluded by facts other than the futurity characteristic of such interest."

The case is simplified by the consideration that if the deed had merely granted a life estate to Coline Weatherly, without contingent remainder in fee to her surviving children, there would be no doubt of the passage of the land under the residuary clause of the grantor's will. *Varn v. Varn,* 32 S. C. 77, 10 S. E. 829, a case of intestacy. And that, in effect, is this case, in view of the failure of the contingencies upon which the fee in remainder was granted by the deed.

Appellants resort in argument to the rule governing the vesting of the possibility of reverter in the case of a fee conditional where there is a failure of bodily heirs. They cite *Burnett v. Snoddy,* 199 S. C. 399, 19 S. E. (2d) 904, which dealt with a fee conditional where the creator disposes of all interest in the property. That estate is peculiar to this and a very few other jurisdictions. A. L. I., 1 Restatement of the Law of Property 250. Annotation, 114 A. L. R. 602. But it was not created by the deed under construction in this case. Here we have a life estate with contingent remainder. The distinction is concisely stated in *Corley v. Hoyt,* 116 S. C. 110, 107 S. E. 34, as follows: "Judge Shipp was right when he held that those took who were the next of kin at the time

of the death of Mrs. Ready. See *Blount v. Walker,* 31 S. C. (13) 27, 9 S. E. 804. This was not the creation of a life estate with remainder. The estate created a fee conditional. The whole estate was gone from Matthew McGraw, and there was nothing to inherit until the death of Mrs. Ready."

After the death of C. M. Weatherly, his widow, who was his second wife, married T. C. Weatherly, a son of C. M. Weatherly by his former marriage, and therefore her step-son, and the fourth exception is:

"That the trial judge erred in not holding that Sections 1440 and 8556 are a rule of property in this State, and that where the son of testator, T. C. Weatherly, married his father's widow, she was precluded from inheriting by such marriage."

T. C. Weatherly long since died as did the widow afterward, also many years ago. So far as the record shows, no action or proceeding was ever brought to avoid the marriage.

The brief contains no argument upon this exception and it might be considered to have been abandoned. However, upon consideration it appears to be without merit. Code Section 1440 is a criminal statute which the marriage apparently violated; and Sec. 8556 prohibited the marriage and made it voidable, but not void. The parties to the marriage contract having died without avoidance or annulment of it, it must be taken as valid. *Bennett v. Bennett,* 195 S. C. 1, 10 S. E. (2d) 23.

The exceptions are overruled and the judgment affirmed.

FISHBURNE, TAYLOR, and OXNER, JJ., and STEVE C. GRIFFITH, Acting Associate Justice, concur.