16220

WINGATE v. PARNELL *ET AL.*
(53 S. E. (2d) 653)

*Messrs. Gardner & Gardner,* of Darlington, *for Appellant, Annie M. Parnell, cite:*

*Mr. B. W. Hyman,* of Darlington, for Respondent.

May 26, 1949.

TAYLOR, Justice.

This action seeks the ejectment of the appellants from certain land situated in the County of Darlington, State of

South Carolina, and was begun on the first day of March, 1948. The matter comes to this Court on appeal from an Order of the Honorable J. Woodrow Lewis overruling the demurrer interposed by the defendants to the complaint, the Order having been passed April 23, 1948. Basically the action involves the construction of a will left by one Mose Wingate, a resident of Darlington County, who died on or about November 11, 1911, devising to his daughter, Zilphy Evans, a certain tract of land, described as one-seventh of testator's interest in a lot of land containing 32 acres, and designated as lot no. 6 on attached plat, during the term of her (Zilphy Evans') natural life, and at her death to be equally divided among her children then living. Zilphy Evans died leaving no children in 1947. A later provision in this will provides that the rest and residue of the testator's estate not thereinbefore disposed of, be devised and bequeathed to the testator's seven children to be equally divided among them, share and share alike. In 1927, during the lifetime of Zilphy Evans, one of the children, the land devised to her was sold for taxes and conveyed to one Howle which was thereafter by sundry conveyances conveyed to one of the defendants in the instant case.

In this action the plaintiffs are the heirs at law of Mose Wingate. Under the contentions made by the defendants it is argued that the tax deed conveyed the right, title and interest owned by Zilphy Evans, which, it was further contended, was a one-seventh undivided interest in fee. Counsel for plaintiff on the other hand argue that the interest of Zilphy Evans was only a life estate. The defendants demurred to the complaint on the grounds, among others, that they being owners in fee of an undivided one-seventh of the land in dispute, they were cotenants of plaintiff and ejectment would not lie.

At the hearing on demurrer Judge Lewis overruled the demurrer, holding that the defendant, Mrs. Annie Parnell,

acquired a mere life estate in the property involved and that accordingly the action of ejectment was properly brought.

In the appeal from this Order four exceptions are taken but in our opinion, the trial judge correctly stated that the sole issue is whether Zilphy Evans owned a life estate or an interest in fee.

Respondent filed no brief.

In arriving at his conclusion that a mere life estate was acquired by Mrs. Parnell, Judge Lewis calls attention to the cardinal rule of construction of wills that the intention of the testator must be effectuated unless such intention runs foul of some settled rule of law. He then proceeds to over-rule the demurrer, basing such holding primarily on his con-clusion that the manifest intention of the testator was to give Zilphy Evans a life estate only.

We cannot find ourselves in agreement with the holdings of Judge Lewis. As he observes, the intention of the testator governs unless the language used is in conflict with some settled rule of law. In our view the will results in a one-seventh undivided interest in fee in Zilphy Evans in the land devised with the consequent result that it would pass by the subsequent conveyances to the defendant Parnell. *Williams v. Kibler*, 10 S. C. 414; *Manigault v. Bryan*, 154 S. C. 78, 151 S. E. 199.

The exceptions made are accordingly sustained and the order appealed from reversed.

FISHBURNE, STUKES and OXNER, JJ., concur in result.

BAKER, C. J., not participating.

STUKES, Justice (concurring in result).

The items of the will of Mose Wingate which control the decision of this case are as follows:

"Seventh: I give and devise to my daughter, Zilphy Evans, for life, lot Number Six (6) of my home place, as represented on a plat thereof, made by A. J. A. Perritt, Surveyor, August 5, 1908, and one-seventh (1/7) of all my

interest in a tract of land containing Seventy (70) acres, more or less, inherited by me from my uncle, Samuel Bonaparte, deceased, to my said daughter, Zilphy, during the term of her natural life, at her death to be equally divided among her children then living. The child or children collectively of any deceased child shall take the share which such deceased child would take if living.

"Twelfth: All of the rest and residue of my estate, both real and personal, not hereinbefore disposed of, I devise and bequeath to my Seven (7) children hereinbefore named, to be equally divided among them, share and share alike."

Upon the death of Zilphy childless (and also without grandchildren). the reversion was subject to the residuary clause of W i n g a t e's will which is "Twelfth" above. The heirs of Zilphy would thereby have ordinarily become seized of an undivided one-seventh interest in the land. *Williams v. Kibler,* 10 S. C. 414; *Manigualt v. Bryan,* 154 S. C. 78, 151 S. E. 199; *Tyson v. Weatherly,* (S. C.) 52 S. E. (2d) 410; and the authorities cited in these decisions.

However, the land was sold in 1925 under execution for taxes assessed against Zilphy and the agreed transcript of record for this appeal contains the statement that counsel agreed for the purpose of consideration of the demurrer to the complaint (which is all that is involved before us) that the tax deed carried all the right, title and interest of the person against whom the taxes were properly assessed, The agreement was further to the effect that the action of ejectment does not lie against a cotenant.

The result of the legal conclusion above and the recited agreement of counsel is that the grantee of the tax deed took the reversionary interest of Zilphy in addition to her life estate. Therefore, under the allegations of the complaint the parties plaintiff and defendant are cotenants of the property and it was error to overrule the demurrer.

FISHBURNE and OXNER, JJ., concur.