## 17501

Edith T. PURVIS, as Administratrix of the Estate of F. B. Thomas, deceased, *et al.*, Appellants, v. John McELVEEN and A. H. McELVEEN, Respondents

(106 S. E. (2d) 913)

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Appellants,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respondents,*

February 10, 1959.

LEGGE, Justice.

The primary issue here presented is whether one who has conveyed in fee simple determinable may thereafter by deed convey the possibility of reverter to a person other than the grantee under the former deed.

In 1904 John F. McElveen and Wheeler M. Floyd conveyed to the trustees of "Central Common Free School For White Persons" a tract of one acre in Florence County. The habendum was in fee simple, with the following condition:

"Provided, always nevertheless notwithstanding, it is the true intent and meaning of the parties to these presents that in case it should so happen at any time that a free common or pay school shall fail and neglect to be maintained at said herein mentioned and described premises for a period of three consecutive years, then the said premises, without improvements thereon, shall be considered abandoned and the same shall revert back to the said John F. McElveen and Wheeler M. Floyd, their heirs and assigns, the said John F. McElveen and Wheeler M. Floyd taking back in their possession such part of the said premises as each originally contributed and conveyed herein."

It appears from the order under appeal that the one-acre tract conveyed by the deed before mentioned was composed of two contiguous half-acre tracts, one owned by John F. McElveen and the other by Wheeler M. Floyd, and that the

present controversy concerns only the "one-half acre of Mc-Elveen land".

In 1908 John F. McElveen conveyed to his son, the defendant A. H. McElveen, in fee simple (reserving to himself a life estate in portion of it), a tract of some 16.7 acres assumed on this appeal (but not admitted by respondents) to embrace the one-half acre tract just mentioned.

By deed dated January 1, 1914, John F. McElveen and A. H. McElveen conveyed the last mentioned tract to F. B. Thomas.

Thereafter, and prior to June 30, 1953, John F. McElveen died.

On June 30, 1953, the fee conveyed to the school trustees by the deed in 1904 was terminated by the occurrence of the event of defeasance provided for therein.

On October 18, 1955, F. B. Thomas commenced in the Civil Court of Florence an action against A. H. McElveen and John McElveen (the latter's role is not revealed by the record, but the parties agree that it is immaterial in this appeal), alleging his ownership and possession of the premises, and that the defendants had trespassed thereon, and praying damages and injunctive relief. Served with the complaint was an order requiring the defendants to show cause why an injunction *pendente lite* should not issue.

In due course the defendants filed a return to the order, and a verified answer. In the latter it was alleged, among other things, that the possibility of reverter, not being a transferable interest, could accrue only to those persons who could bring themselves within the class of heirs of John F. McElveen at the time of the extinguishment of the fee simple determinable conveyed by him to the school trustees (*i. e.,* on June 30, 1953) ; and that the defendant A. H. McElveen and certain other named persons were such heirs (their status as such is not disputed) and therefore entitled to possession of the premises as tenants in common. The defendant A. H. McElveen also filed a cross-complaint, in which he

claimed a fractional interest in fee in the premises in common with the other heirs of John F. McElveen living on June 30, 1953; alleged trespass and damage; and prayed, *inter alia,* that the other heirs of John F. McElveen be made parties and that their interests in the premises be declared. He also gave notice that he would move to make said other heirs parties defendants.

The plaintiff having died after commencement of the action, his administratrix and his heirs were substituted in his stead.

The motion to join the heirs of John F. McElveen was heard before the Honorable R. W. Sharkey, Judge of the Civil Court of Florence, on August 14, 1956, at which time there were submitted for his consideration the three deeds before mentioned and a plat made on December 26, 1913, of land "about to be conveyed by J. F. and A. H. McElveen to Fred B. Thomas." On February 14, 1957, Judge Sharkey issued his order:

1. Adjudging that the conveyance by John F. McElveen and Wheeler M. Floyd in 1904 created a defeasible fee in the school trustees, with a possibility of reverter in John F. McElveen or his heirs living at the time of the abandonment of the property for school purposes for a period of three years;

2. Adjudging that the said property ceased to be used for school purposes on June 30, 1950, and said abandonment continued for a period of three years, thereby vesting an interest in said property in the heirs of John F. McElveen living on June 30, 1953;

3. Making said heirs of John F. McElveen parties for the purpose of determining their interests in the premises; and

4. Ordering that decision of all other issues be held in abeyance pending further proceedings.

A fee simple determinable is an estate in fee "with a qualification annexed to it by which it is provided that it must determine whenever that qualification is at an end." 19 Am.

Jur., Estates, Par. 28, p. 486. Such an estate would be created, for example, by a conveyance "to A and his heirs so long as the land is used for a public school." Simes and Smith, The Law of Future Interests (2d Ed.), Par. 281.

A fee simple conditional at common law was one restrained to some particular heirs, to the exclusion of others. 19 Am. Jur., Estates, Par. 37, p. 498. Characteristic of it was that upon the birth of issue as contemplated by the grant the condition was discharged and the fee became absolute in the grantee; and that if, during the life of the grantor, the grantee should die without having had children who would constitute heirs fulfilling the condition of the grant, the whole estate reverted to the grantor. Such was the rule of the common law prior to the enactment of the statute *De Donis;* and such has always been the rule in South Carolina, that statute having never been of force in this jurisdiction. *Davis v. Strauss,* 173 S. C. 99, 174 S. E. 908; *Corley v. Hoyt,* 116 S. C. 110, 107 S. E. 34; *Blume v. Pearcy,* 204 S. C. 409, 29 S. E. (2d) 673; *Creswell v. Bank of Greenwood,* 210 S. C. 47, 41 S. E. (2d) 393; *Smith v. Hannah,* 215 S. C. 520, 56 S. E. (2d) 339; Annotation 114 A. L. R. 602.

The interest remaining in the grantor after he has conveyed land in fee simple determinable or conditional is a possibility of reverter. It is not an estate, but a mere possibility of acquiring one. It cannot be the subject of devise or inheritance. *Blount v. Walker,* 31 S. C. 13, 9 S. E. 804; *Vaughan v. Langford,* 81 S. C. 282, 62 S. E. 316, 128 Am. St. Rep. 912, 16 Ann. Cas. 91; Annotation 77 A. L. R. 344. Nor can it be conveyed. Tiffany, The Law of Real Property (3d Ed.), Vol. 2, Par. 314, p. 11; *Pearse v. Killian,* [16 S. C.] McMul. Eq. 231; *Vaughan v. Langford, supra.* It was held, in two cases last mentioned, that he who would be entitled to the estate if the fee conditional should presently determine might, *in praesenti,* but not by will, release it to the tenant of the conditional fee so as to make his estate an absolute fee simple.

The right of entry for breach of a condition annexed to an estate in fee simple is essentially similar to a possibility of reverter. The principal distinction, so far as concerns the legal operation of these two future interests, is that in the case of a possibility of reverter the possessory estate vests immediately and automatically upon the happening of the event whereby the determinable or conditional fee is terminated; whereas in the case of a right of entry for breach of condition it does not vest in the one having such right of entry until his election to terminate the granted estate, Tiffany, The Law of Real Property (3rd Ed.), Vol. 2, par. 314, p. 11; Simes and Smith, The Law of Future Interests (2d Ed.), Par. 282. Being a mere possibility of future acquisition of title, such right of entry cannot be conveyed or assigned. *First Presbyterian Church of Beaufort v. Elliott*, 65 S. C. 251, 43 S. E. 674.

Because the grant of a fee simple determinable or conditional has left nothing in the grantor that can be the subject of devise or inheritance, the whole estate will, upon the happening of the event of defeasance, pass, if the grantor be then dead, not to those who were his heirs at the time of his death, but to those who answer to the description of his heirs at the time of the termination of the estate granted. *Blount v. Walker, supra; Waller v. Waller,* 220 S. C. 212, 66 S. E. (2d) 876.

Appellants point out that our decisions having to do with the characteristics of possibilities of reverter, including their inalienability *inter vivos,* have been rendered in cases where such possibilities were created under conveyances in fee simple conditional, and that they are not applicable where the grant has been in fee simple determinable, because of this difference in the two estates: that upon the fulfillment of the condition involved in a fee simple conditional (*i. e.,* birth of issue to the grantee), the grantee may convey in fee simple absolute; whereas the happening of the event of defeasance under a fee simple determinable terminates the grantee's interest completely. The argument is, we think, unsound. In

either type of conveyance the grantee's estate may continue forever, but is liable to termination upon the happening of an uncertain event. Under a conveyance in fee determinable, the event of defeasance may be the abandonment of a school on the granted premises, or the marriage of B, or the fall of St. Paul's Church. In the typical conveyance in fee conditional, it is the grantee's failure to have issue of his body. But the inalienability of the possibility of reverter in either case results not from the fact that the event of defeasance may be characterized as positive in the one (*e. g.,* abandonment of the required use, or marriage, or the fall of a building), and as negative in the other (*e. g.,* failure to produce issue). It results from the fact that the whole estate has passed from the grantor, and the only interest remaining in him, viz.: the possibility of reverter, is an interest too nebulous, under the common law concept, to be devised or conveyed.

The common law rule that a possibility of reverter is inalienable *inter vivos* has been criticized as being contrary to the modern idea of freedom of alienation. See annotation in 53 A. L. R. (2d) at pages 225 *et seq.* In some states it is made alienable by statute; in the absence of such statute the cases are divided on the question, and it is said that the more recent ones tend strongly in favor of alienability. Simes and Smith, The Law of Future Interests (2d Ed.), Par. 1860. And the Restatement, proceeding on the premise that all reversionary interests are transferable, declares that a possibility of reverter, being a reversionary interest subject to a condition precedent, is transferable *inter vivos.* Restatement of The Law, Property, Vol. 2, Pars. 154, 159. This reasoning ignores the common law concept of possibilities of reverter, above referred to, which has been accepted and followed in this state ever since *Adams v. Chaplin,* 1833, 1 Hill Eq. 265, 10 S. C. Eq. 265, and *Deas v. Horry,* 1834, 2 Hill Eq. 244, 11 S. C. Eq. 244.

The rule that possibilities of reverter are not transferable *inter vivos* rests on precedent rather than logic or necessity.

Perhaps it should be abolished as contrary to the modern view that all interests in land should be alienable. Compare, as to contingent remainders, *Boykin v. Springs,* 66 S. C. 362, 44 S. E. 934, and *Lemmon v. Wilson,* 204 S. C. 50, 28 S. E. (2d) 792. But this court will not undertake to overthrow a rule of property so long established. *Elkin v. Southern Railway,* 156 S. C. 390, 153 S. E. 337; *Prudential Insurance Co. of America v. Wadford,* 232 S. C. 476, 102 S. E. (2d) 889; *Rogers v. Florence Printing Co.,* S. C., 106 S. E. (2d) 258. In *Consolidated School Dist. No. 102 v. Walter,* 1954, 243 Minn. 159, 66 N. W. (2d) 881, 884, 53 A. L. R. (2d) 218, where the question was whether or not a possibility of reverter after a fee simple determinable was alienable in the absence of statute, the court said, in language appropriate here:

"Defendants contend that, because the rule against alienability is a bad one, we should not now adopt it, particularly in view of the provisions of § 500.16 to the contrary. Our function is to ascertain and apply the law as it exists, however undesirable it may sometimes appear to be. It is for the legislature and not for us to modify the common-law rules."

Appellants also contend here that the trial court erred in refusing to permit them to rely upon the doctrine of estoppel in opposition to the motion to bring in additional parties. The record before us does not state the ground upon which they proposed to base the claim of estoppel; we assume, since no other is suggested, that it was the conveyance to F. B. Thomas in 1914 before mentioned, or that to A. H. McElveen in 1908, or both of them.

In the order under review, the trial judge stated that if the plaintiffs had wished to rely upon estoppel they should have pleaded it in reply to the cross-action, and that it could not be asserted upon the motion before him. We need not consider either of these positions, nor need we pass upon the propriety or correctness of his finding that the deeds and plat persented for his consideration evidenced no

intent on the part of the grantors in the 1914 deed to convey to F. B. Thomas any interest in the school lot. But assuming that that deed, or the prior one, had purported to include the possibility of reverter, which then remained in John F. McElveen, it would have been, to that extent, contrary to the positive rule of law before stated, and for that reason null and void. It would not, therefore, have furnished a basis of estoppel. 19 Am. Jur., Estoppel, Par. 8, p. 605; 31 C. J. S. Estoppel § 43a, p. 223; cf. *Consolidation Coal Co. v. Riddle,* 1923, 198 Ky. 256, 248 S. W. 530.

Affirmed.

STUKES, C. J., and OXNER and Moss, JJ., concur.

TAYLOR, J., not participating.