### 1916

Rosetta Wimberly CLEMENTS, Mary Wimberly Taylor, Sherrell Wright, Sherryl Margaret Wright, Alice Wimberly, Louise Harrison Burgess, Carol Harrison McNeal, Edith J. Harrison Madden, Karen Lisa Harrison, Lucille Harrison, Monroe Harrison II, Jocelyn Harrison, Brian Baker Harrison, William Lyle ·Harrison, John Monroe Harrison, Darin Keith Harrison, Willie J. Wimberly, Edwena Wimberly, Robert L. Wimberly, James O'Dell Wimberly, Teresa Wimberly Sawyer, Frances Ann Wimberly Townsend, Leroy A. Wimberly, Susan J. Wimberly Carpenter, Appellants v. W.H. YOUNG, Respondent.

(425 S.E. (2d) 63)

Court of Appeals

*Franklin D. Beattie,* Aiken, *for appellants.*

*Walter Bedingfield,* Barnwell, *James L. Verenes,* Aiken, and *Eric Boiter,* of *Ness, Motley, Loadholt, Richardson & Poole,* Barnwell, *for respondent.*

Heard Nov. 2, 1992.

Decided Dec. 7, 1992.

GARDNER, Judge:

Appellant, Rosetta Wimberly Clements, et al. (Clements), sued the Respondent, W.H. Young (Young), in trespass to try title to 5.4 acres in Aiken, South Carolina. The case was heard by a special referee with direct appeal to the Supreme Court. The referee found in favor of Young and set the boundary line at a previously established tie line. At trial, the referee's recording equipment did not work properly and no record of the testimony was recorded. Clements moved to reconstruct the record. The Supreme Court remanded to the special referee for an order reconstructing as much of the record as necessary for appeal. No appeal was taken from the referee's reconstruction of the case. Clements appeals on the merits. We reverse and remand for a new trial.

## DISCUSSION

This case involves a boundary dispute which decides ownership of 5.4 acres. At trial, Clements argued that the correct boundary between her property and that of Young was marked by a creek and an old fence. The trial judge noted, however, that neither the creek nor the fence completely traverse the disputed boundary to the road which designated the eastern border of the property. Young claimed that the property line was represented by a tie line which was established by a previous action for the purpose of a partition sale.

In a law case tried by a judge, our scope of review on appeal is limited to whether there is any evidence of record to support the referee's findings. *Townes Associates. v. City of Greenville,* 266 S.C. 81, 221 S.E. (2d) 773 (1976).

In this appeal, Clements contends that the referee disregarded natural landmarks, artificial monuments, and public records in making his determination that the tie line was the

boundary line.[1] The reconstruction of the case reflects that the only evidence offered by Clements to establish the boundary at the creek, was testimony of Ezekiel and Fred Wimberly, former occupants of the property. They testified that it was always their understanding that the creek was the northern boundary of the property.

Moreover, there is no evidence that the tie line, established for the partition sale, is the true boundary. Mr. Erickson, a registered surveyor, testified that he thought the boundary line was south of the creek bed, but did not elaborate any further. According to the reconstructed record, "While Mr. Young testified . . . that there was no recorded plat showing this boundary line, it can be *inferred* from his testimony that the boundary between the two properties is some artificial line rather than a natural monument such as a creek bed." (Emphasis added.) Importantly, the surveyor, Mr. Hankinson, testified that "he created a tie line on his plat . . . which simply extended a line from another parcel of property . . . that he never actually surveyed the line. He created it as a matter of convenience in order to complete the partition."

It is evident to the Court from this testimony that the tie line is an artificially compiled line which does not evidence the true boundary between the properties. "It is the actual boundary and not the false representation of it on the plat which must govern." *Atkinson v. Anderson,* 3 McCord 223 (1825). We hold that a compiled line, created merely for convenience of presently avoiding a dispute, is unacceptable as a basis for an order establishing a true boundary line. *See Southern Realty & Inv. Co. v. Keenan,* 99 S.C. 200, 83 S.E. 39 (1914) (in locating boundaries, resort is to be had first to natural landmarks, next to artificial monuments, then to adjacent boundaries, and last to course and distances).

---

[1] The only evidence of record regarding the existence of landmarks or monuments, with the exception of the old fence, is contained in the affidavit of Mr. Hankinson, a surveyor. The referee's reconstruction of the case makes no reference to testimony or evidence regarding natural landmarks or artificial monuments. The South Carolina Appellate Court Rules require that "[t]he Record shall [ ] include matter which was not presented to the lower court or tribunal." S.C.A.C.R. 209. Accordingly, we assume that the affidavits included in the record on appeal were before the referee even though he makes no mention of them. We do, however, question the accuracy of the record on appeal.

Accordingly, we hold that the referee erred in relying on this artificial line in determining the boundary between the properties. We also hold that there is no evidence of record which establishes the boundary at the tie line, and that this Court cannot do justice by determining the boundary from such a deplete and questionable record.

For the foregoing reasons, we reverse and remand the case to the Court of Common Pleas of Aiken County for a new trial.

Reversed and remanded.

GOOLSBY, J., and LITTLEJOHN, Acting J., concur.