23857

Timothy A. LEAHY, Respondent v.
The STARFLO CORPORATION, Appellant.

(431 S.E. (2d) 567)

Supreme Court

*John B. McLeod,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*Thomas B. Bryant, III* and *Mary Helen Dantzler,* both of *Bryant, Fanning & Shuler,* Orangeburg, *for respondent.*

Heard Apr. 6, 1993.

Decided May 10, 1993.

CHANDLER, Justice:

Starflo Corporation (Employer) appeals the Master's Order holding it liable for the wrongful discharge of Respondent, Timothy Leahy (Leahy).
We affirm.

## FACTS

Leahy worked for Employer from March, 1981, until February 3, 1989, at which time he was fired without prior warning or notice. At the time of his discharge, he was Manager of Manufacturing Services.

Leahy sued for wrongful discharge, alleging violation by Employer of its Policy Manual Procedure #120-01; the Policy Manual required that, prior to an Employee's discharge, four steps of progressive discipline be followed.[1] Employer answered, alleging (1) that the Policy Manual did not create a contract of employment and (2) that, it had disclaimed any contractual relationship with its employees.

The matter was referred to the Master, with finality, who held that (1) Policy Manual Procedure #120-01 contractually bound Employer and (2) that Employer's disclaimer was ambiguous and did not circumvent the required four-step disciplinary procedure.

## ISSUES
(1) Did Policy Manual Procedure #120-01 constitute a contract between Leahy and Employer?
(2) Did Employer effectively disclaim the Policy Manual Procedure?

---

[1] Policy #130-01 required (1) an oral warning, (2) a written warning, (3) suspension and, finally, (4) termination.

## SCOPE OF REVIEW

Our scope of review governing this action is set forth in *Townes Assoc., Ltd. v. City of Greenville*:[2]

> In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed upon appeal unless found to be without evidence which reasonably supports the judge's findings. The rule is the same whether the judge's findings are made with or without, a reference. The judge's findings are equivalent to a jury's findings in a law action.

## DISCUSSION

### I. *Policy Manual*

Employer contends that its Policy Manual, intended as a guidance tool for managers, did not alter Leahy's at-will employment status. We disagree.

In *Small v. Springs Industries*, 292 S.C. 481, 357 S.E. (2d) 452 (1987), we held that an employer may alter traditional employment by issuance of handbooks, policies, manuals or bulletins, stating:

> Once Springs voluntarily chose to publish the handbook and bulletin and orally assure the employees that the provisions of those publications would be followed, there were 'strong equitable and social policy reasons militating against allowing employers to promulgate for their employees potentially misleading personnel manuals while reserving the right to deviate from them at their own caprice.' (Citation omitted.)

292 S.C. at 485, 357 S.E. (2d) at 454.

Here, Employer posted the four-step disciplinary procedure on its bulletin board at one-week intervals. Employer's Personnel Manager conceded that the Company was "making a commitment [they were] not going to fire [employees] without going through those steps. . . ." Moreover, he further testified that Employer made no distinction between hourly and managerial employees.

Under *Small*, we find sufficient evidence that, by issuance of Policy Manual Procedure 120-01, Employer was contractu-

---

[2]266 S.C. 81, 86, 221 S.E. (2d) 773, 775 (1976).

ally obligated to follow its four-step disciplinary procedure.

## II. *Disclaimer*

Employer next alleges that, even if Policy Procedure No. 120-01 altered Leahy's at-will employment status, it had disclaimed any contractual obligation. We disagree.

In *Small*, we held:

> If an employer wishes to issue policies, manuals, or bulletins as purely advisory statements with no intent of being bound by them and with a desire to continue under the employment at will policy, he certainly is free to do so. This could be accomplished merely by inserting a conspicuous disclaimer or provision into the written document.

292 S.C. at 485, 357 S.E. (2d) at 455.

Here, Leahy claims that the disclaimer, even if valid, was effectually waived. We agree. The disclaimer, printed at the front of the Policy Manual, reads:

> THE LANGUAGE USED IN THIS MANUAL IS NOT INTENDED TO CREATE AN EMPLOYMENT CONTRACT BETWEEN THE EMPLOYEE AND THE STARFLO CORPORATION. THE STARFLO CORPORATION RESERVES THE RIGHT TO REVISE THE CONTENTS OF THIS MANUAL, IN WHOLE OR IN PART, WITH OR WITHOUT NOTICE.

Notwithstanding the foregoing alleged disclaimer, the following letter was circulated to Employer's supervisors:

> If you are not aware of it we have had a disclaimer in our Employee Handbooks since about 1981 which states:
> THE LANGUAGE USED IN THIS MANUAL IS NOT INTENDED TO CREATE AN EMPLOYMENT CONTRACT BETWEEN THE EMPLOYEE AND THE STARFLO CORPORATION. THE STARFLO CORPORATION RESERVES THE RIGHT TO REVISE THE CONTENTS OF THIS MANUAL, IN WHOLE OR IN PART, WITH OR WITHOUT NOTICE.
> *A disclaimer in the Employee Handbook is one thing but what does the Company Policy say??*

*Read Policy #120-01* or Procedure #A04-003.

(Emphasis supplied.)

Moreover, Employer's Personnel Manager explained the letter as follows:

Q. Mr. Palmieri, what did you mean when you said, "A disclaimer in the Employee Handbook is one thing, but what does the company say? Read Policy 120-01." What did you mean by that?

A. What we meant by that is that the disclaimer is just as I said to you, that the contents of that book that follow the disclaimer could be subject to change at some point in time, because any good policy manual, policies are reviewed every year. So there could be change in here, but regardless of the disclaimer, keep in mind the policy that I'm referencing to here, 120-01.

Q. Regardless of the disclaimer, Starflo was going to fulfill its commitment to its employees, weren't they?

A. Because at the time of this writing, this policy is the policy that was in existence.

We agree with the Master that the Employer's letter was ambiguous and susceptible of the inference that Employer intended to waive the disclaimer. *See Marr v. City of Columbia,* — S.C. —, 416 S.E. (2d) 615 (1992).

Accordingly, the Order of the Master is

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.