THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Richard W. Lee, Appellant,
 
 
 

v.

 
 
 
 Lou Davis and George M. Creel, Respondents.
 
 
 

Appeal From Darlington County
 Martin S. Driggers, Special Referee

Unpublished Opinion No. 2005-UP-576
Submitted October 1, 2005  Filed November 7, 2005    

AFFIRMED

 
 
 
 Daniel B. Causey, III, of Darlington, for Appellant.
 Robert E. Lee, of Florence, for Respondents.
 
 
 

PER CURIAM: Richard W. Lee appeals the Special Referees decision that neither of the parties established legal title to the property in dispute.  We affirm. [1] 
FACTS
In 1913, Mary E. Edwards sold the Wagner Siding Tract (the Tract) to the South Carolina Western Railway (the Railroad) for use as a landing to park and load railway cars.  The 1913 deed includes a habendum clause, which states [t]o have and to hold all and singular the said premises unto the said South Carolina Western Railway, its successors and Assigns forever; Upon condition, however, that the said premises shall be used for Railroad Purposes only.  The first evidence the Tract was not used for railroad purposes appeared in a 1963 plat, which describes the Tract area as a Road, suggesting that sometime between 1916 and 1963 the Railroad discontinued its use of the Tract for railroad purposes.  
Richard W. Lee claims ownership through a common predecessor in title with the Respondents in the name of J.H. Watson.  In 1980, the Railroad conveyed its interest in the Tract, if any, to Watson through a quitclaim deed.  Upon Watsons death, the Tract passed to his Wife.  She subsequently sold the Tract to Lee.  
After conveying the Tract to the Railroad, Edwards conveyed the remainder of her property to the Home Improvement Company.  Ultimately, Watson purchased the property once owned by Edwards.  Relying upon the 1963 plat, Watson conveyed a portion, which included the strip of land in dispute, to his son.  Watsons son then conveyed that portion to L.H. Stokes, who conveyed it to H.S. Davis.  Davis devised the strip to his wife (Lou Davis) who sold the property to George M. Creel once litigation with Lee had begun.  
In 1998, Lee brought an action against Davis and Creel (Respondents), asking the court to require Respondents to remove all encroachments from Lees property, to restrain and enjoin Respondents from any future encroachment, trespass, and interference with Lees use and enjoyment of the property, to award Lee reasonable attorneys fees, and to award Lee any other just, equitable, and proper relief.  Respondents answered, claiming ownership of the property by title or adverse possession for a period of 20 years and further requesting the court to enjoin and restrain Lee from coming upon or about her property.  The disputed property is a 25 by 210 strip of land in Darlington County, which is situated in the Wagner Siding Tract.  
By consent of the parties, the matter was referred to a Special Referee who held an evidentiary hearing in February 2004, resulting in an order that rejected both parties claims to the disputed strip of land in the Tract.  According to the hearing transcript, before reference to the Special Referee, Judge Casey Manning signed an order on April 30, 1999 stating there exists a genuine issue of material fact as to the ownership of the property and grantors ability to convey good title.  Moreover, the parties waived their rights to a jury trial.  This appeal followed.      
STANDARD OF REVIEW
Although Lee claims otherwise, the pleadings reflect that both parties claim ownership of the strip of land in question.  Therefore, the nature of the case is a trespass to try title action, which puts ownership of the Tract at issue.  Watson v. Suggs, 313 S.C. 291, 293, 437 S.E.2d 172, 173 (Ct. App. 1993) (holding that an action brought for the primary purpose of determining title to a disputed tract of land is in the nature of a trespass to try title).  An action for trespass to try title is an action at law.  Bodiford v. Spanish Oak Farms, Inc., 317 S.C. 539, 544, 455 S.E.2d 194, 197 (Ct. App. 1995) (holding a boundary line dispute to be an action at law); Clements v. Young, 310 S.C. 73, 74, 425 S.E.2d 63, 64 (Ct. App. 1992).  
In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed unless found to be without evidence, which reasonably supports the judges findings.  Townes Assocs. Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).  That the parties referred the case to a special referee does not change the scope of review, when, as here, the referee enters final judgment.  Leahy v. Starflo Corp., 314 S.C. 546, 548, 431 S.E.2d 567, 568 (1993).  We therefore must affirm the decision of the Special Referee if there is any evidence to support his determination that the disputed strip of land does not belong to either party.  
LAW/ ANALYSIS
 
Lee claims the Special Referee erred in addressing the issue of ownership in his order because it was not a matter raised in the pleadings.  We disagree.
Both parties claim ownership of some portion of the Tract and request equitable intervention by the Special Referee to enjoin the opposing party from use of that portion.  The pleadings are postured in such a manner as to require the Special Referee to determine ownership before dealing with the location of the boundary line.  In a boundary line dispute, the court must determine the ownership of the land to determine who is entitled to occupancy thereof.  Watson v. Suggs, 313 S.C. 291, 294, 437 S.E.2d 172, 174 (Ct. App. 1993).  The resolution of that issue precluded any further discussion of the equitable issues.
Lee also claims the Special Referee erred in determining the Tract was owned by a third party.  We disagree.
The Edwards deed provided the Railroad with a fee simple determinable with a possibility of reverter, if, or at such time as, the Railroad discontinued its use of the Tract for railroad purposes.  The first evidence the Tract was not used for railroad purposes appeared in a 1963 plat, which describes the Tract area as a Road, suggesting that sometime between 1916 and 1963 the Railroad discontinued its use of the Tract for railroad purposes.  We find the Special Referee had sufficient evidence to determine that prior to 1980 the Railroad was divested of title to the Tract in issue.  At that point in time, title reverted to Edwards, if then living, or his heirs at law who were then living.  See Purvis v. McElveen, 234 S.C. 94, 100, 106 S.E.2d 913, 916 (1959) ([T]he whole estate will, upon the happening of the event of defeasance, pass, if the grantor be then dead, not to those who were his heirs at the time of his death, but to those who answer to the description of his heirs at the time of the termination of the estate granted.).  Accordingly, the [R]ailroad could not have conveyed title to the Wagner Siding Tract to anyone following defeasance because, at that point in time, the [R]ailroad had nothing to convey. (emphasis in original).  Therefore, Lees claim to ownership of the disputed strip of land fails.  
Lee makes a rather detailed and somewhat confusing argument that an examination of various plats (some of which are either not in the record on appeal or not properly identified in the record) and deeds in the chain of title would clear up all uncertainties as to the boundary line.  Specifically, he argues that the 1975 deed to Creels predecessor in title was ineffective to convey title to the disputed Tract because the Railroad still owned the Tract.  Additionally, he argues that in 1980 the Railroad conveyed the Tract to his predecessor in title.  Finally, he argues it is irrelevant whether he or some third party owns the Tract because title to the disputed Tract was not the subject of this litigation.  
Lees arguments are misplaced given our conclusion that title to the Tract was in issue and that prior to 1980 title to the Tract in dispute reverted to the then heirs at law of Edwards.  There can be no boundary line dispute when neither party to the action has title to the disputed property.  The Special Referee found the 1963 plat shows the Tract had been abandoned for railroad purposes prior to the date of the plat.  Because there is some evidence to support this finding, we must affirm the Special Referee.  
CONCLUSION
For the reasons stated herein, the trial court is hereby 
AFFIRMED.
HUFF, WILLIAMS, JJ., AND CURETON, A.J., CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.