# In the United States Court of Federal Claims

No. 15-488L
(Filed September 30, 2016)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                          *
                                          *
                                          *
TECHNICAL COLLEGE OF THE                  *
LOW COUNTRY,                              *
                                          *
                Plaintiff,                *
                                          *
        v.                                *
                                          *
THE UNITED STATES,                        *
                                          *
                Defendant.                *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER

In this rails-to-trails takings case, the government has filed a motion *in limine*, seeking to exclude certain evidence relating to the value of the property affected by the conversion of an easement to one for trail use. Def.'s Mot. *In Lim.* (Def.'s Mot.) at 1–3. When plaintiff purchased the property in 1968, the deed conveyed the land in fee simple determinable, with a possibility of reverter. *See Purvis v. McElveen*, 106 S.E.2d 913, 916 (S.C. 1959). The conveyance was subject to the condition that it:

> shall be effective only so long as said premises are used for educational purposes . . . and whenever said premises hereby conveyed shall cease to be used for such educational purposes . . . this deed and the estate conveyed hereby to the Grantee shall cease, determine and be void and said premises . . . shall automatically revert to the Grantor . . . .

Def.'s Mot., Ex. 1 at 2.

Because of this deed restriction, the government argues that no use of the property for purposes other than educational should be considered in assessing its value, and that testimony concerning non-educational uses should be excluded. Def.'s Mot. at 2–3. In its motion, the government cited no authority for this

proposition, *see id.* at 1–3, and its reply merely quotes the general proposition that a property owner "'must be made whole but is not entitled to more,'" Def.'s Reply in Supp. Mot. (Def.'s Reply) at 1 (quoting *United States v. 564.54 Acres of Land*, 441 U.S. 506, 516 (1979) (internal quotation omitted)).

Plaintiff opposes the motion, arguing that the determination of a parcel's highest and best use, according to the Uniform Appraisal Standards for Federal Land Acquisitions (Yellow Book), is not impacted by private deed restrictions. Pl.'s Opp'n to Def.'s Mot. at 1–2. 4–7. During the pre-trial conference, plaintiff pointed out the differences between the Yellow Book's treatment of zoning and other regulations and its treatment of deed restrictions. Zoning and other regulations are explicitly recognized as "hav[ing] an impact on the highest and best use and value of the property," and accordingly the probability of rezoning and of receiving necessary government approvals must be considered in making those determinations. Interagency Land Acquisition Conference, *Uniform Appraisal Standards for Federal Land Acquisitions* 16–17 (5th ed. 2000). In contrast, appraisers are merely to "also discuss the impact of any private restrictions on the property, such as deed and/or plat restrictions." *Id.* at 17.

The government maintains that to assess the value of plaintiff's land based on a use --- such as residential --- which, if made, would result in a reversion of the land to the grantor, would confer a windfall on plaintiff. *See* Def.'s Mot. at 3; Def.'s Reply at 2. But during the pre-trial conference, the government took the position that the grantor would not have standing to seek a portion of the compensation due to the conversion, and thus its approach would generate a windfall for itself. The government also conceded it was aware of no precedents supporting its position regarding deed restrictions.

Our court has, on at least one occasion, considered this issue. In *Childers v. United States*, a similar deed restriction was found to not affect property valuation, based on the approach to valuation in the Yellow Book as well as trial testimony. 116 Fed. Cl. 486, 505 (2013). In light of that precedent, and noting that the Yellow Book does not forbid the consideration of uses that are contrary to existing regulations, the Court is not persuaded that a private deed restriction on the use of property renders evidence based on the value of other uses irrelevant to the valuation of the property. Accordingly, the government's motion is **DENIED.**

**IT IS SO ORDERED.**

s/ Victor J. Wolski
**VICTOR J. WOLSKI**
Judge